The STATE of Ohio, Appellee,

v.

LAMB, Appellant.

[Cite as *State v. Lamb*, 156 Ohio App.3d 128, 2004-Ohio-474.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–03–002.

Decided Feb. 6, 2004.

Mark E. Mulligan, Ottawa County Prosecuting Attorney, and David R. Boldt, Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

HANDWORK, Presiding Judge.

{¶ 1} This case is before the court on appeal from a judgment of the Ottawa County Court of Common Pleas, wherein appellant, Roy Michael Lamb, pled guilty to and was sentenced on two counts of sexual imposition, both violations of R.C. 2907.06(A), misdemeanors of the third degree, and one count of attempted gross sexual imposition, a violation of R.C. 2923.02 and 2907.05(A)(1), a felony of the fifth degree. Appellant appeals from his convictions and asserts the following assignments of error:

{¶ 2} "The trial court erred to the prejudice of appellant by accepting his guilty pleas, as appellant's pleas were not knowingly, intelligently, and voluntarily entered, and were therefore obtained in violation of appellant's due process rights under the Fourteenth Amendment to the United States Constitution and Article One, Section Sixteen of the Constitution of the State of Ohio.

{¶ 3} "Appellant was denied effective assistance of counsel, thereby rendering his convictions void under the Sixth and Fourteenth Amendments to the United States Constitution and Article One, Sections Ten and Sixteen of the Constitution of the State of Ohio.

{¶ 4} "The sentence imposed upon appellant as and for his alleged post-control violation is excessive, and constitutes cruel and unusual punishment under the Ohio and Federal Constitutions.

{¶ 5} "Appellant was denied due process of law with respect to the determination of sentence for his alleged post-release control violation."

{¶ 6} On September 16, 2002, appellant appeared before the trial court, agreed to waive his right to an indictment, and pled guilty to the following counts in an information: (1) the two counts of sexual imposition, both misdemeanors of the third degree; and (2) one count of attempted gross sexual imposition in violation of R.C. 2907.05(A)(1), a felony of the fifth degree. At the time that he entered

his guilty plea, appellant was currently subject to a mandatory five-year period of post-release control, pursuant to R.C. 2967.28(B)(1), due to a prior felony sex offense and had been determined to be a sexually oriented offender.

{¶ 7} During appellant's plea hearing, the trial court, in accordance with Crim.R. 11(C)(2)(a), addressed appellant personally and determined that appellant was making the plea voluntarily and with the understanding of the nature of the charges. The court also informed appellant that the penalty for each of the misdemeanors is 60 days of incarceration, a fine of $500 and costs, and for the felony of the fifth degree, the maximum sentence is 12 months in prison, a fine of $2,500 and costs. Nevertheless, the judge never told appellant that, pursuant to R.C. 2967.28(B)(1), he would be subject to a mandatory five-year period of post-release control. Moreover, the only reference to post-release control in appellant's written "Plea of Guilty on Information" is the following: "After prison release, I may have up to 3 years of post-release control."

{¶ 8} The trial judge further ascertained, as required by Crim.R. 11(C)(2)(b), that appellant understood the effect of the pleas of guilty and that the court, upon acceptance of the pleas, could proceed to judgment and sentence. Finally, pursuant to Crim.R. 11(C)(2)(c), the trial judge informed appellant of all of the rights that he was waiving by pleading guilty and asked, after naming each right, whether appellant understood. Appellant answered in the affirmative. Subsequent to determining that appellant was entering his pleas knowingly, intelligently, and voluntarily, the court found appellant guilty on all three counts in the information and continued sentencing pending a presentence investigation report.

{¶ 9} At the sentencing hearing, the trial judge first took evidence on the question of whether appellant should be deemed a sexual predator. He then sentenced appellant to 60 days on each of the two misdemeanors to be served concurrently with a sentence of 12 months on the felony of the fifth degree. He also ordered appellant to serve, consecutive to the sentences imposed for the current offenses, the 4 years and 58 days remaining on the mandatory five-year post-release control imposed as a result of a prior sexual offense. The court then explained that when appellant was released from prison, he would again be placed on post-release control for a mandatory period of five years, and explained the consequences of violating post-release control sanctions or mandatory conditions or committing a felony while on post-release control.

{¶ 10} On January 14, the court below entered a judgment determining that appellant is a sexual predator pursuant to R.C. 2950.09(B). Then, on January 15, 2003, the trial court entered its judgment on sentencing, which, in all respects but one, reflects the sentences imposed at the sentencing hearing. The court failed to include, as required by R.C. 2967.28(B)(1), the mandatory five-year period of

post-release control in appellant's sentence. Instead, the court's judgment entry states:

{¶ 11} "The Court explained that after prison release, the Defendant *may* have up to 3 or 5 years of post-release control. After prison release, *if post-release control is imposed,* for violations of post-release control conditions, the adult parole authority or parole board may impose a more restrictive or longer control sanction * * *." (Emphasis added.)

{¶ 12} In his first assignment of error, appellant contends, in essence, that his conviction should be reversed because his guilty plea was not knowingly, intelligently, and voluntarily made. Specifically, appellant asserts that the trial court failed to comply with Crim.R. 11(C)(2)(a) by failing to advise him of the mandatory five-year period of post-release control and, under R.C. 2967.28(F)(4), the potential for the imposition of a prison term for a violation, i.e., commission of a new felony, of that post-release control.

{¶ 13} If a defendant does not knowingly, voluntarily, or intelligently enter a plea, or does not know the consequences of a plea, then it is a violation of due process and cannot be enforced under the United States Constitution or the Ohio Constitution. *State v. Engle* (1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450. In order to satisfy constitutional due process, Crim.R. 11(C)(2)(a) requires a trial court to engage in a colloquy with a criminal defendant and to inform him or her of, among other things, the maximum penalty involved.

{¶ 14} Before accepting a guilty plea, a trial court must substantially comply with the requisites of Crim.R. 11(C)(2)(a). *State v. Nero* (1990), 56 Ohio St.3d 106, 109, 564 N.E.2d 474, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 92–93, 5 O.O.3d 52, 364 N.E.2d 1163. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." (Citations omitted.) Id.

{¶ 15} R.C. 2929.14(F) makes clear the fact that post-release control is part of an offender's sentence. *State v. Prom,* 12th Dist. No. CA2002–01–007, 2003-Ohio-6543, 2003 WL 22887906, at ¶ 26, appeal denied, 98 Ohio St.3d 1411, 2003-Ohio-60, 781 N.E.2d 1019. This precept was confirmed in *Woods v. Telb* (2000), 89 Ohio St.3d 504, 513, 733 N.E.2d 1103.[1] The Eighth District Court of Appeals has therefore held, in a case involving a mandatory period of post-release

---

1. The *Woods* court determined that R.C. 2967.28 did not violate the separation-of-powers doctrine. Id. After making this determination, the court held that under those portions of R.C. 2967.28(B) and under R.C. 2967.28(C), which deal with nonmandatory post-release control, a trial court must inform the defendant at the sentencing hearing or at the plea hearing that post-release control is part of his or her sentence. Id. The case before us, unlike *Woods,* involves mandatory post-release control.

control, that post-release control is part "of the maximum penalty involved in an offense for which a prison term will be imposed." *State v. Perry*, 8th Dist. No. 82085, 2003-Ohio-6344, 2003 WL 22805880, at ¶ 10, citing *State v. Jones* (May 24, 2001), 8th Dist. No. 77657, 2001 WL 605406, discretionary appeal not allowed, *State v. Jones* (2001), 93 Ohio St.3d 1434, 755 N.E.2d 356. See, also, *State v. Prom*, at ¶ 28 and 29 (erroneous advice during a guilty plea hearing concerning post-release control creates a situation where an offender is necessarily unaware of the maximum penalty to which he or she is exposed at the time of the plea). Accordingly, at least in the Eighth Appellate District, a trial court's failure to provide any explanation of a mandatory period of post-release control at the time of the plea does not constitute substantial compliance with its responsibility to inform the defendant of the maximum penalty involved. *State v. Perry* at ¶ 10.

{¶ 16} We agree with the reasoning of the *Perry* and *Jones* courts, as well as that of the *Prom* court, and therefore hold that in order to substantially comply with Crim.R. 11(C)(2)(a), a trial court must advise a defendant of any mandatory post-release control period at the time of the defendant's plea.

{¶ 17} However, we do not find, as asserted by appellant, that a court must inform a defendant of the ramifications of R.C. 2967.28(F)(4), at the time of a plea. Under this section of the statute, a trial court *may* impose a prison term for the commission of a new felony during a mandatory post-release control period. Due to the fact that this is a matter within the court's discretion and, as a consequence, there is only the potential for the imposition of that penalty, we are of the opinion that a trial court is not required to inform a defendant of this possibility at the time of a guilty plea in order to substantially comply with Crim.R. 11(C)(2)(a).

{¶ 18} In the case under consideration, the trial court failed, during the plea hearing, to notify appellant of the fact that he was subject to a mandatory five-year post-release control period. In fact, appellant's written guilty plea misinformed him, stating that he "may have up to three years of post-release control." As noted in *Prom* at ¶ 28: "[I]t's far more difficult to find [substantial compliance] with respect to an affirmative misstatement, especially one that understates the maximum penalty involved." (Citation omitted.) We therefore find, under the totality of the circumstances, that appellant could not have fully understood the implications of his plea. Thus, substantial compliance with the requisites of Crim.R. 11(C)(2)(a) was not achieved in this cause. As a result, the common pleas court erred when it accepted appellant's guilty plea, and appellant's first assignment of error is found well taken.

{¶ 19} In his second assignment of error, appellant maintains that because trial counsel failed to recognize error with respect to the period of post-release

control, he was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I, Ohio Constitution. In light of our disposition of appellant's first assignment of error, we must conclude that trial counsel's performance was deficient and that appellant's cause was prejudiced by the deficient performance. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. Accordingly, appellant's second assignment of error is found well taken.

{¶ 20} Appellant's third assignment of error asserts that the four-year and 58–day consecutive sentence imposed for his post-release control violation constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Section 9, Article I, Ohio Constitution. In his fourth assignment of error, appellant claims that he was denied due process when the court imposed the four-year and 58–day sentence for the violation of his post-release control. Because we are reversing appellant's conviction, the issues raised in appellant's third and fourth assignments of error are not ripe for review and are therefore found moot.

{¶ 21} On consideration whereof, this court finds that appellant was prejudiced and prevented from having a fair hearing on his guilty plea. Accordingly, appellant's conviction is reversed, his sentence is vacated, and this cause is remanded to the Ottawa County Court of Common Pleas for further proceedings consistent with this judgment. Costs assessed to appellee, the state of Ohio.

Judgment reversed
and cause remanded.

MARK L. PIETRYKOWSKI and ARLENE SINGER, JJ., concur.