DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas.
 {¶ 2} On April 22, 2004, the Lucas County grand jury indicted appellant, Bryan R. Bach, on one count of felonious assault, a violation of R.C. 2903.11(A)(1), and one count of child endangering, a violation of R.C. 2919.22(B)(2) and 2919.22(E)(1) and (E)(3). These charges arose from an incident that occurred on December 3, 2003, during which appellant removed his one month old son from an infant car seat with such force that the child received serious injury when his head struck the roof of appellant's motor vehicle.
 {¶ 3} Appellant initially pled not guilty to both charges. Subsequently, Bach withdrew his plea of not guilty and entered a plea of no contest to an amended single charge of attempted child endangering, a felony of the third degree. At the plea hearing, the trial court engaged in the mandated Crim. R. 11(C) dialogue with appellant in order to ascertain whether Bach's no contest plea was voluntary, intelligent, and knowing. In explaining the consequences of the plea if appellant was found guilty, the court stated:
 {¶ 4} "And if you do receive a prison sentence after serving the sentence you could be placed on post-release control for a period of 3 years which means you would be under the supervision of the parole authority. * * *." (Emphasis added.)
 {¶ 5} The court later gave appellant a written plea form. Appellant and his attorney reviewed the form and appellant signed the plea form. Among other things, the form notified appellant of the basic prison terms, the maximum term, and the fine for the charged offense. The form also contains the following relevant provision:
 {¶ 6} "If I am sentenced to prison for a felony 2 or a felony 3 which involved causing or threatening physical harm, I will have mandatory post release [community] control of 3 years."
 {¶ 7} After appellant read and signed the plea form; the trial judge asked Bach whether he had reviewed the form and whether he had any questions. Appellant indicated that he had read the form, signed it, and had no questions. The common pleas court found appellant guilty as charged. At the sentencing hearing, the trial court again told appellant that he "could be placed upon post-release control for a period of three years." (Emphasis added.)
 {¶ 8} On October 5, 2004, the court below sentenced appellant to a total of six years[1] in prison. Bach appeals the trial court's judgment and sentence and asserts the following assignment of error:
 {¶ 9} "Appellant did not knowingly, intelligently, and voluntarily enter a no contest plea to the charge of attempted child endangering, a felony of the third degree."
 {¶ 10} Appellant contends that his no contest plea was not knowing, intelligent, and voluntary because the lower court failed to follow the mandates of Crim.R. 11(C)(2)(a) by not informing him of the maximum sentence applicable for the charged offense. Specifically, appellant urges that the common pleas judge failed to notify him of the fact that he was subject to a mandatory three year period of post-release community control.[2]
 {¶ 11} Pursuant to Crim.R. 11(C)(2), a trial court cannot accept a no contest plea from a defendant in a felony case without first addressing the defendant personally and informing him of the consequences of his plea. Crim.R. 11(C)(2)(a) requires a trial court to inform a criminal defendant of the maximum penalty for the offense. Post-release release control is part of the offender's sentence. R.C. 2929.14(F), State v. Lamb,156 Ohio App.3d 128, 2004-Ohio-474, at ¶ 15 (Citations omitted.). Therefore, a trial court must, at the time of sentencing or at a plea hearing, provide information pertaining to post-release control to a criminal defendant. Woods v. Telb,89 Ohio St.3d 504, 2000-Ohio-171, paragraph two of the syllabus.
 {¶ 12} Nonetheless, due to the fact that Crim.R. 11(C)(2)(a) does not involve the waiver of a constitutional right, substantial compliance with this portion of the rule is sufficient. State v. Pitts, 159 Ohio App.3d 852,2005-Ohio-1389, at ¶ 19, citing State v. Stewart (1977),51 Ohio St.2d 86, 93; State v. Franks, 10th Dist. No. 04AP-362, 2005-Ohio-462, at ¶ 8 (Citation omitted.). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990),56 Ohio St.3d 106, 108.
 {¶ 13} This court held, on at least two previous occasions, that in order to substantially comply with Crim.R. 11(C)(2)(a), a court must advise an offender of any mandatory post-release control at the time he enters his plea. Pitts, at ¶ 26; Lamb,
at ¶ 16. In both of those cases, the common pleas court failed to explain or even to refer to a mandatory period of post-release control during the Crim.R. 11 colloquy. Pitts, at ¶ 23; Lamb,
at ¶ 7. In fact, the written plea form in each of these cases incorrectly stated that the offender "may have up to" a number of years of post-release control. Pitts, at ¶ 24; Lamb, at ¶ 18. Thus, we vacated the judgment of the lower court, finding that the defendant could not have understood the implications of his guilty plea. Pitts, at ¶ 27; Lamb, at ¶ 18.
 {¶ 14} In the case under consideration, the record discloses that the trial court did verbally misinform appellant that he might be subject to three years of post-release control. However, both Pitts and Lamb can be distinguished from the instant cause because appellant was given the written plea form during the plea hearing, was allowed to review the document with his attorney, and was questioned by the trial judge as to his understanding of that document. Thus, in considering the totality of the circumstances in this cause, we must conclude that the trial court substantially complied with the notice requirement of Crim.R. 11(C)(2)(a), that is, appellant understood the implications of his plea, inclusive of a mandatory three year period of post-release control. Accord, State v. Franks, 10th Dist. No. 04AP-362, 2005-Ohio-462; State v. Brown, 1st Dist. Nos. C-020162, C-020163, C-020164, 2002-Ohio-5983. Consequently, appellant's sole assignment of error is found not well-taken.
 {¶ 15} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App.R. 24.
JUDGMENT AFFIRMED.
Handwork, J., Pietrykowski, J., Parish, J., Concur.
[1] Appellant also violated the terms of community control imposed for a prior offense. The three year sentence in this case is to be served consecutively to the three year sentence that was reimposed for the violation of community control.
[2] R.C. 2967.28(B)(3) mandates a three year period of post-release control "[f]or a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to another person * * *."