JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Adam Holloway ("Holloway"), appeals his guilty pleas to felonious assault, having a weapon while under disability, drug trafficking, possession of drugs, and possession of criminal tools. For the reasons that follow, we vacate Holloway's guilty pleas and remand for proceedings consistent with this opinion.
 {¶ 2} Holloway was charged in two separate indictments. In Case No. CR-459859, he was charged with two counts of felonious assault on a police officer with one-, three-, and seven-year firearm specifications and a peace officer specification attached. In Case No. CR-460371 he was charged with three counts of drug possession, four counts of drug possession with one- and three-year firearm specifications attached, four counts of drug trafficking and four counts of drug trafficking with one- and three-year firearm specifications attached, and one count of possession of criminal tools.
 {¶ 3} These charges arose from officers raiding Holloway's home after ascertaining he was trafficking drugs. After the officers gained entry to the home, Holloway fired one shot at the officers, who were clearly wearing Cleveland Police baseball caps and uniforms. Officers again announced they were police and ordered Holloway to drop the weapon, which he did. Upon search of the home, officers discovered 100 to 500 grams of cocaine, 19 pounds of marijuana, 19 ecstasy pills, and 35.50 grams of methamphetamine. They also discovered $20,300 in cash, a scale, packing materials, a cell phone, and a handgun containing five hollow-point copper jacketed bullets.
 {¶ 4} Although Holloway initially entered not guilty pleas in both cases, he later retracted his not guilty pleas. In Case No. CR-459859, Holloway entered a plea to two counts of felonious assault with one- and three-year firearm specifications and a peace officer specification attached. He also entered a plea to one count of having a weapon while under disability.
 {¶ 5} In Case No. CR-460371, he entered a plea to one count of a second-degree felony drug trafficking and three counts of third-degree felony drug trafficking, with one- and three-year firearm specifications attached. He also pled to one count of possession of criminal tools.
 {¶ 6} Holloway agreed to plead with the understanding the State would recommend a sentence of eight years total for both cases. However, at the plea hearing, the trial court informed Holloway that the sentence was only a recommendation and that the trial court could impose a sentence that did not correspond to the agreed sentence. Holloway stated that he understood it was only a recommended sentence. After obtaining Holloway's presentence investigative report and sentencing memorandum from Holloway's counsel, the trial court sentenced Holloway.
 {¶ 7} Regarding Case No. CR-459659, the trial court imposed concurrent sentences of six years each on the two felonious assault counts and one year on the weapon while under disability count, to be served consecutively to the three-year firearm specification, for a total of nine years.
 {¶ 8} Regarding Case No. CR-460371, the trial court imposed concurrent terms of three years on the felony-three drug trafficking offense, four years on the felony-two drug trafficking offense, and nine months on the possession of criminal tools count. This sentence, however, was imposed consecutive to Case No. CR4-59659. Therefore, Holloway received a total sentence of 13 years.
 {¶ 9} Although Holloway raises six assignments of error, we find Holloway's first assignment of error is dispositive of his appeal.
 {¶ 10} "I. Defendant was denied due process of law when he was not properly informed by the court concerning [the] mandatory nature of post-release control."
 {¶ 11} In his first assignment of error, Holloway maintains that his pleas were not knowingly, intelligently, and voluntarily made. Specifically, Holloway argues that the trial court failed to comply with Crim.R. 11(C)(2)(a) by failing to advise him that he was subject to a mandatory five-year period of post-release control.
 {¶ 12} Pursuant to Crim.R. 11(C)(2), a trial court cannot accept a guilty plea from a defendant in a felony case without first addressing the defendant personally and informing him of the consequences of his plea. Crim.R. 11(C)(2)(a) requires a trial court to inform a criminal defendant of the maximum penalty for the offense. Post-release control is part of the offender's sentence. R.C. 2929.14(F); State v. Lamb, 156 Ohio App.3d 128,2004-Ohio-474, at ¶ P15. Therefore, a trial court must, at the time of sentencing or at a plea hearing, provide information pertaining to post-release control to a criminal defendant.Woods v. Telb, 89 Ohio St.3d 504, 2000-Ohio-171, paragraph two of the syllabus.
 {¶ 13} Due to the fact that Crim.R. 11(C)(2)(a) does not involve the waiver of a constitutional right, substantial compliance with this portion of the rule is sufficient. State v.Pitts, 159 Ohio App.3d 852, 2005-Ohio-1389, at ¶ 19; State v.Franks, 10th Dist. No. 04AP-362, 2005-Ohio-462, at ¶ 8. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v.Nero (1990), 56 Ohio St.3d 106, 108.
 {¶ 14} In the instant case, the trial court informed Holloway at the plea hearing as follows:
 {¶ 15} "And do you understand that after any sentence is imposed is served you may be released into a five-year post-release control program * * *?"[1]
 {¶ 16} Pursuant to R.C. 2967.28(B)(1), Holloway was, in fact, subject to a mandatory five-year period of post-release control because his convictions included first-degree felonies. Therefore, although the trial court correctly advised Holloway of the five-year period, it failed to advise him it was mandatory.
 {¶ 17} This Court recently addressed an identical situation in State v. Crosswhite, Cuyahoga App. Nos. 86345 and 86346. InCrosswhite, the court advised the defendant: "[Y]ou might be released on what is called post-release control * * *." We held the trial court's failure to advise a defendant at the plea hearing regarding the mandatory nature of his post-release control, requires a vacating of the plea. See, also, State v.Griffin, Cuyahoga App. No. 83724, 2004-Ohio-4344 at ¶ 13; Statev. Gulley, 1st Dist. No. C-040675, 2005-Ohio-4592; State v.Lamb, 156 Ohio App.3d 128, 2004-Ohio-474; State v. Torres,
6th Dist. No. L-03-1203, 2005-Ohio-3365; State v. Hill,
4th Dist. No. 04CA9/04CA11, 2005-Ohio-3491; State v.Pitts, 159 Ohio App.3d 852; 2005-Ohio-1389; State v. Windle,
4th Dist. No. 03CA16, 2004-Ohio-6827; State v. Perdue,
2nd Dist. No. 20234, 2004-Ohio-6788.
 {¶ 18} By failing to advise Holloway that his post-release control was a mandatory five years, the court inadvertently understated the sentence Holloway would receive by pleading. The imposition of a non mandatory post-release control constitutes a different sentence than when a mandatory post-release control is imposed. Because Holloway was not informed of the maximum penalty he could receive if he entered his pleas, his pleas were not knowingly, intelligently, and voluntarily entered. Accordingly, Holloway's first assigned error has merit and is sustained.
 {¶ 19} "II. Defendant was denied due process of law when his plea of guilty was induced by improper and unfulfilled promises and representations which deprived his plea of its voluntary character.
 {¶ 20} "III. Defendant was denied due process of law when the court based its sentencing on its own knowledge of uncharged conduct.
 {¶ 21} "IV. Defendant was denied due process of law when the court failed to follow the statutory mandate in imposing sentence in this case.
 {¶ 22} "V. Defendant was denied due process of law when the court based its sentence on findings not alleged in the indictment nor admitted by the defendant.
 {¶ 23} "VI. Defendant was denied due process of law when the court did not properly inform defendant concerning the mandatory length of post-release control at sentencing.
 {¶ 24} Because we have determined that Holloway's guilty pleas must be vacated, the issues raised in Holloway's remaining assignments of error are moot. App.R. 12(A)(1)(c).
 {¶ 25} Holloway's pleas are vacated and the matter remanded for proceedings consistent with this opinion.
Rocco, J., concurs.
 Corrigan, J., dissents. (See dissenting opinion attached.)
[1] Tr. at 19.