{¶ 26} The court substantially complied with Crim.R. 11 by informing Holloway that he could be subject to a five-year period of post-release control, even though post-release control was mandatory under R.C. 2967.28(B)(1). It is important to understand that this is not a case where the court failed completely to mention post-release control. See, e.g., State v. Crosswhite,
Cuyahoga App. Nos. 86345 and 86346, 2006-Ohio-1081. The court not only mentioned post-release control, but correctly informed Holloway that the maximum term would be five years.
 {¶ 27} In reviewing the cases, I find the courts of appeals making curious statements about what constitutes "substantial" compliance. For example, in State v. Lamb, 156 Ohio App.3d 128,2004-Ohio-474, the court of appeals held that "* * * in order to substantially comply with Crim.R. 11(C)(2)(a), a trial court must advise a defendant of any mandatory post-release control period at the time of the defendant's plea." Id. at ¶ 16. But if the trial court had so advised Lamb, it would have strictly
complied with Crim.R. 11, not just substantially complied with the rule.
 {¶ 28} "Substantial compliance" is defined as: "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106, 108. The issue on appeal is whether Holloway understood that, by pleading guilty, he would be subject to a five-year period of post-release control. Holloway might have pleaded guilty hoping for a period of post-release control shorter than five years, but there can be no doubt that at the time he entered his plea, he fully knew that he could be subject to a maximum period of five years. The mandatory nature of post-release control in this case is simply irrelevant to the question of what Holloway knew he could receive at the time he entered his plea.
 {¶ 29} We do no justice to the concept of substantial compliance in these circumstances by making it functionally equivalent to strict compliance. Indeed, Holloway was represented by counsel at the time of the plea, and counsel made no objection to the form or substance of the plea hearing. At all events, Holloway entered a counseled plea with full knowledge of the maximum period of post-release control. Thus, I would find the court substantially complied with Crim.R. 11 by informing Holloway that he could be subject to a five-year period of post-release control.
 {¶ 30} I do, however, agree with Holloway that under Statev. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, the court violated his right to a jury trial by making sentencing findings when imposing consecutive sentences. Holloway is therefore entitled to a new sentencing hearing. Id. at ¶ 105.