DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals his conviction in the Lucas County Court of Common Pleas for two counts of aggravated robbery and four counts of robbery. For reasons that follow, we affirm.
 {¶ 2} On April 20, 2005, a gunman robbed a west Toledo hotel, fleeing with under $100. In November 2005, similar armed robberies occurred at three drug stores *Page 2 
and two fast food restaurants. Witnesses eventually identified appellant, Khalik Reed, as the robber.
 {¶ 3} On December 14, 2005, a Lucas County Grand Jury named appellant in a 16 count indictment, charging him with six counts of aggravated robbery, with firearm specifications, nine counts of robbery and a single count of carrying a concealed weapon. Appellant pled not guilty, but after negotiations agreed to amend his plea to no contest to two counts of aggravated robbery with a single firearm specification, and four counts of robbery. The counts of aggravated robbery were felonies of the first degree, while the remaining counts were second-degree felonies.
 {¶ 4} The trial court accepted appellant's plea, found him guilty and sentenced him to a total of 15 years incarceration. It is from this judgment of conviction that appellant now brings this appeal
 {¶ 5} Appellant sets forth the following two assignments of error:
 {¶ 6} "A. The Trial Court Errered [sic] When It Failed To Notify The Appellant During The Plea Hearing That He Would Be Subject To A Mandatory Period of Post-Release Control Pursuant To O.R.C. § 2967.28
Rendering Appellant's Plea To Two Felonies Of The First Degree and Four Felonies Of the Second Degree Involuntary, Unknowingly and Unintelligently Entered Into Under The Totality Of The Circumstances.
 {¶ 7} "B. The Trial Court Erred When It Improperly Informed Appellant That A Violation Of Post-Release Control That The Parole Authority Or A Judge Could Impose *Page 3 
The Balance Of The Term Of Post-Release Control For A Violation Of The Terms And Conditions Of Post-Release Control."
 {¶ 8} In his first assignment of error, appellant asserts that he was not properly informed of the mandatory nature of post-release control following imprisonment.
 {¶ 9} R.C. 2967.28(B) provides:
 {¶ 10} "Each sentence to a prison term for a felony of the first degree, for a felony of the second degree * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment."
 {¶ 11} Appellant argues that R.C. 2967.28(B) clearly contains language making post-release control sanctions mandatory following imprisonment for a first or second degree felony. Crim.R. 11(C)(2)(a) requires that the trial court determine "that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."
 {¶ 12} "If a defendant does not knowingly, voluntarily, or intelligently enter a plea, or does not know the consequences of a plea, then it is a violation of due process and cannot be enforced under the United States Constitution or the Ohio Constitution. State v. Engle
(1996), 74 Ohio St.3d 525, 527, 1996-Ohio-179. Crim.R.11(C)(2)(a) requires a trial court to engage in a colloquy with a criminal defendant and to inform him *Page 4 
or her of, among other things, the maximum penalty involved." State v.Lamb, 156 Ohio App.3d 128, 132, 2004-Ohio-474, ¶ 13.
 {¶ 13} At the plea hearing, the court asked appellant:
 {¶ 14} "Do you understand that if at any time you are sentenced to a state institution as relates to the felony of the first degree, youmay be subject to five (5) years of post-release control as relates to each of the offenses.
 {¶ 15} "Post-release control is something we used to refer to as parole. If at any time you're granted post-release control as relates to any one or more of these offenses, you may be on post-release control, as relates to each of these offenses, up to an additional five years on a felony of the first degree, and three years for a felony of the second degree, do you understand that?" [Emphasis added.]
 {¶ 16} The question then is whether this language used by the trial court adequately informed appellant of the maximum sentence. As we have held previously:
 {¶ 17} "Before accepting a guilty plea, a trial court must substantially comply with the requisites of Crim.R.11(C)(2)(a).State v. Nero (1990), 56 Ohio St.3d 106, 109, 564 N.E.2d 474, citingState v. Stewart (1977), 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163. `Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.' Id. (Citations omitted.)"Lamb, at ¶ 14.
 {¶ 18} "[I]n order to substantially comply with Crim.R.11(C)(2)(a), a trial court must advise a defendant of any mandatory post-release control period at the time of the defendant's plea." Lamb, at ¶ 16. "[R]ote recitation of Crim.R.11(C) is not required, and *Page 5 
failure to use the exact language of the rule is not fatal to the plea. Rather, the focus, upon review, is whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to that defendant." State v. Ballard (1981),66 Ohio St.2d 473, 480. "Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. The test is whether the plea would have otherwise been made." State v. Nero (1990), 56 Ohio St.3d 106, 108
(citations omitted).
 {¶ 19} Among the circumstances we must consider in this matter is the written plea agreement signed by appellant contemporaneous to his plea. In this document, appellant acknowledges understanding that:
 {¶ 20} "If I am sentenced to prison for a felony 1 or felony sex offense, after my prison release I will have 5 years of post-release control under conditions determined by the parole board. If I am sentenced to prison for a felony 2 or a felony 3 which involved causing or threatening physical harm, I will have mandatory post release control. If I receive prison for a felony 3, 4, or 5, I may be given up to 3 years of post release control of 3 years." [Emphasis added.]
 {¶ 21} Appellant relies heavily on Lamb, wherein we reversed the appellant's conviction and vacated Lamb's sentence because the trial court failed to substantially comply with Crim.R. 11(C)(2)(a). InLamb, the trial judge never told appellant that he would be subject to a mandatory five year period of post-release control. Moreover, the only reference to post-release control in appellant's written plea agreement was the *Page 6 
following: "After prison release, I may have up to 3 years of post-release control." Lamb is, therefore, distinguishable from the present case.
 {¶ 22} The cases relied upon in Lamb and cited by appellant are also distinguishable. In State v. Prom, 12th Dist. No. CA2002-01-007,2003-Ohio-6543, the trial court informed appellant that she would be subject to post-release control. Appellant, however, was not eligible for post-release control, and the trial court could not impose that requirement as a part of the sentence, as the court told appellant it would. The Prom court found that the trial court erred by giving appellant erroneous advice regarding post-release control.
 {¶ 23} In State v. Perry, 8th Dist. No. 82085, 2003-Ohio-6344, the court vacated the conviction and remanded the case for a new plea hearing, because the trial court failed to offer any explanation of post-release control sanctions. In State v. Jones (May 24, 2001), 8th Dist. No. 77657, the court vacated appellant's conviction and sentence. The trial court simply asked appellant if he understood "if [he was] sentenced to prison, [he] could be subject to post-release control once [he got] out." Appellant acknowledged each of the trial court's queries with, "Yes."
 {¶ 24} State v. Bach, 6th Dist. No. L-04-1326, 2005-Ohio-4173 involved a situation virtually identical to the present case. During the colloquy, the trial court stated: "And if you do receive a prison sentence after serving the sentence you could be placed on post-release control for a period of 3 years which means you would be under the supervision of the parole authority * * *." Id. at ¶ 4. The appellant signed a written plea agreement after reviewing it with his attorney. The written agreement stated: "If I am *Page 7 
sentenced to prison for a felony 2 or a felony 3 which involved causing or threatening physical harm, I will have mandatory post release [community] control of 3 years." Id. at ¶ 6. After appellant read and signed the plea agreement, the trial court asked appellant whether he had reviewed the form and whether he had any questions. Appellant indicated that he had read the form, signed it, and had no questions. InBach, we affirmed the sentence and conviction.
 {¶ 25} In the present case, appellant was informed of post-release control in the colloquy but not in mandatory terms and was given the written plea agreement that accurately described the nature of post-release control. Before the trial court accepted the plea, the court asked appellant if he had reviewed the written plea agreement with his attorney and if appellant had any questions regarding the written plea agreement. Appellant replied that he had reviewed the agreement with his attorney and had no questions. The present case is, therefore, virtually identical to Bach.
 {¶ 26} Appellant clearly had actual notice that he would receive a maximum of five years of post-release control. In such circumstances, we must conclude that the trial court substantially complied with Crim.R.11(C)(2)(a). Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 27} In his second assignment of error, appellant maintains that the trial court erred by improperly informing him that a judge or the parole authority could impose the balance of the term of the post-release control for a violation of the terms and conditions of post-release control. During the colloquy, the trial court asked: *Page 8 
 {¶ 28} "And do you understand if you violate the terms and conditions of that port-release control as it relates to either the felony of the 1st degree on the aggravated robberies or the felony of the 2nd degree, as it relates to the robberies, the parole authority or judge could impose the balance of the five-year sentence on the felonies of the 1st degree of the three (3) year sentence as relates to the felony of the 2nd degree, do you understand that?"
 {¶ 29} The parole authority may impose a prison term as a sanction for a post-release control violation. "The period of a prison term that is imposed as a post-release control sanction under this division shall not exceed nine months, and the maximum cumulative prison term for all violations under this division shall not exceed one-half of the stated prison term originally imposed upon the offender as part of this sentence." R.C. 2967.28(F)(3). Pursuant to R.C. 2929.141(B)(1), if a new felony is committed, a court may sentence the offender to a maximum of the "greater of twelve months or the period of post-release control for the earlier felony minus any time the releasee has spent under post-release control for the earlier felony."
 {¶ 30} Again we look to the written plea agreement, in which appellant acknowledged, "If I violate conditions of supervision while under post release control, the parole board could return me to prison for up to nine months for each violation, for a total of 50% of my originally stated term. If the violation is a new felony, I could receive the greater of one year or the time remaining on post release control plus a prison term for the new crime." *Page 9 
 {¶ 31} Although the trial court misstated who could impose the maximum penalty for a post-release control violation, the court did advise appellant of the maximum penalty in accordance with Crim.R. 11(C)(2)(a). Moreover, the written plea agreement makes clear the penalty that the parole board can impose as well as articulating the maximum penalty for a post-release control violation that is a new felony. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 32} On consideration whereof, the judgment of the Lucas County Common Pleas Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1