{¶ 20} While I concur with the majority with regard to appellant's second assignment of error, I respectfully dissent as to appellant's first assignment of error.
 {¶ 21} Under the current version of R.C. 2929.19(B)(3)(c), a trial court's failure to notify the defendant of his term of post-release control either at the sentencing hearing or in the judgment of conviction, has no impact on the validity of that term of supervision. However, when the trial court incorrectly advises a defendant during a plea hearing about whether a term of post release control is mandatory, as in the instant matter, the defendant cannot be held to have entered a knowing, intelligent, and voluntary plea.
 {¶ 22} Crim.R. 11(C)(1)(a) provides that a trial court shall not accept a guilty plea without first addressing the defendant and determining that the defendant understands the maximum penalty involved. The post-release control *Page 11 
terms are part of the actual sentence. Woods v. Telb, 89 Ohio St.3d 504,2000-Ohio-171. When the trial court imposes post-release control, it "imposes the full sentence". Id. As the Supreme Court held, "a trial court must inform the offender at sentencing[1] or at the time of a plea hearing that post-release control is part of the offender's sentence." Id. at 513.
 {¶ 23} Because post-release control terms are part of the actual sentence, and a defendant must be informed of the maximum sentence when entering a plea, the trial court should determine that the defendant understands the maximum penalty involved, not something less. See alsoState v. Lamb, 156 Ohio App.3d 128, 2004-Ohio-474, at ¶ 16 ("We agree with the reasoning of the Perry and Jones courts, as well as that of theProm court, and therefore hold that in order to substantially comply with Crim.R. 11(C)(2)(a), a trial court must advise a defendant of any mandatory post-release control period at the time of the defendant's plea.") In Lamb, the trial judge never told appellant that he would be subject to a mandatory five year period of post-release control. Moreover, the only reference to post-release control in appellant's written plea agreement was the following: "After prison release, I may have up to 3 years of post-release control." As in Lamb, the trial court in the present matter never told appellant that he would be subject to a mandatory period of post-release control. In addition, the *Page 12 
only reference to post-release control in appellant's written plea agreement was the following: "I have been informed that if I am imprisoned, after my release from prison I Will be supervised under post-release control, R.C. 2967.28, which could last up to 5 years."
 {¶ 24} Consequently, I would sustain appellant's first assignment of error, vacate his plea and convictions, and remand the matter to the trial court.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] Although not clear from the context, it appears that the reference to sentencing applies to defendants who are found guilty following a trial. *Page 1