[Cite as *State v. Klinger*, 2016-Ohio-3370.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-15-057

      Appellee                              Trial Court No. 2014CR0512

v.

Brian D. Klinger                              **DECISION AND JUDGMENT**

      Appellant                             Decided:  June 10, 2016

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, Alyssa M. Blackburn
and David T. Harold, Assistant Prosecuting Attorneys, for appellee.

Stephen D. Long, for appellant.

* * * * *

**YARBROUGH, J.**

{¶ 1} This is an *Anders* appeal.  Appellant, Brian Klinger, appeals the judgment of

the Wood County Court of Common Pleas, convicting him of one count of gross sexual

imposition in violation of R.C. 2907.05(A)(4) and (C)(2), a felony of the third degree, and sentencing him to a thirty-month prison term. For the following reasons, we affirm.

## I. Facts and Procedural Background

{¶ 2} On December 4, 2014, appellant was indicted by the Wood County Grand Jury on one count of gross sexual imposition in violation of R.C. 2907.05(A)(4) and (C)(2), a felony of the third degree. On June 30, 2015, appellant withdrew his initial plea of not guilty, and pleaded guilty to the charge as indicted. Prior to accepting the plea, the court had the following dialogue with appellant:

THE COURT: In so doing, you're waiving your right to a jury trial. You understand that?

THE DEFENDANT: Yes.

THE COURT: In fact, one of the forms you signed is a written waiver of that trial. In waiving that trial you're giving up certain rights that I need to explain to you now.

At that trial the prosecution will have the burden of proving your guilt beyond a reasonable doubt to a jury of twelve of your peers who need to unanimously find you guilty before you could be convicted.

You could have testified at that trial, but would not have had to. And your attorney * * * could have cross-examined any witnesses called by the prosecution. You could have called witnesses on your behalf, subpoenaing them if necessary to obtain their attendance at trial.

2.

In waiving that trial, you're giving up all these rights. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: This is a felony, and as such, you face possible prison time. If you were sent to prison, you would be subject to what is called post-release control, and that would be for a - - be for a period of three years.

If during that three years you violated the parole authority's rules established at the time of your release, you would then be potentially sent back to prison for up to and no more than one half of the original prison term. You understand that?

THE DEFENDANT: Yes.

THE COURT: In lieu of prison, the court could place you on what is called community control sanctions and the court could establish certain things for you to do, and if you fail to comply with those, then the court would sentence you up to thirty-six months in prison. You understand that?

THE DEFENDANT: Yes.

THE COURT: There could be financial obligations as a result of this as well. You could be required to pay the court costs, fines, or restitution. You understand that?

THE DEFENDANT: Yes.

3.

THE COURT:  Now we've gone over these things, do you have any questions of either your attorney or the court?

THE DEFENDANT:  No.

THE COURT:  And you still wish to enter your plea of guilty?

THE DEFENDANT:  Yes.

{¶ 3} Following the colloquy, the court received a statement from the prosecution of what the evidence would have shown at the trial.  The court then accepted the plea and found appellant guilty.  The matter was continued for a presentence investigation report.  At the sentencing hearing, the trial court found that appellant must be classified as a Tier II sex offender.  The court then sentenced appellant to 30 months in prison.  The court also ordered that appellant would be subject to a mandatory period of five years of post-release control.

{¶ 4} Appellant has timely appealed his conviction and sentence.  Subsequently, appointed counsel for appellant filed a brief and requested leave to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Under *Anders*, if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw.  *Id.* at 744.  This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal.  *Id.*  Counsel must also furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise additional matters.  *Id.*  Once these requirements have been satisfied, the

4.

appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. *Id.*

## II. Assignments of Error

{¶ 5} In his *Anders* brief, counsel has assigned the following potential errors for our review:

1. Appellant's "guilty" plea was not voluntary, intelligent, and knowing.

2. Automatic classification of Mr. Klinger as a Tier II offender violates the constitutions of the United States and the state of Ohio.

{¶ 6} Appellant has not filed a pro se brief or otherwise raised any additional matters.

## III. Analysis

{¶ 7} Regarding the first assignment of error, "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). In determining whether appellant's guilty plea was made knowingly, intelligently, and voluntarily, we must review the record "to ensure that Crim.R. 11 was followed by the trial court upon defendant's submission of the guilty plea." *State v. Spates*, 64 Ohio St.3d 269, 272, 595

5.

N.E.2d 351 (1992). A trial court must substantially comply with the notification of the non-constitutional rights contained in Crim.R. 11(C)(2)(a) and (b), and a defendant must show prejudice before a plea will be vacated for failure to substantially comply with those notifications. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14, 17. In contrast, the court must strictly comply with the notification of constitutional rights contained in Crim.R. 11(C)(2)(c), and failure to do so creates a presumption that the plea was not knowingly, intelligently, and voluntarily made. *Id.* at ¶ 18, 29. Crim.R. 11(C)(2)(c) requires that the defendant be advised of "the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." In determining whether the defendant was fully informed of his rights, "an alleged ambiguity during a Crim.R. 11 oral plea colloquy may be clarified by reference to other portions of the record, including the written plea." *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 25.

{¶ 8} In support of the first potential assignment of error, counsel first asserts that the trial court failed to inform appellant that he had a right to have the matter tried to the bench, stating only that he was waiving his right to a jury trial. However, counsel notes, and we agree, that any ambiguity in that regard was clarified in paragraph E of the written "Plea of Guilty to Indictment and Waiver of Trial by Jury" form, in which he acknowledged that he is giving up his right "to a jury trial or court trial."

6.

{¶ 9} Counsel next argues that the trial court failed to advise appellant of the maximum penalties he was facing by entering his plea. In our review of the record, we also note that the trial court improperly informed appellant that he would be subject to three years of post-release control, yet later sentenced him to five years of post-release control as required by R.C. 2967.28(B)(1). Despite this failure, we hold that the trial court substantially complied with Crim.R. 11(C)(2)(a)'s requirement to inform appellant of the maximum penalty involved. Like the above issue, any ambiguity in the Crim.R. 11 colloquy was clarified in the written waiver, which informed appellant of the maximum penalties involved and that a mandatory five years of post-release control would be imposed. Thus, appellant had actual notice that he could receive up to 36 months in prison and a $10,000 fine, and would receive five years of post-release control. *See State v. Reed*, 6th Dist. Lucas No. L-06-1130, 2007-Ohio-4087, ¶ 26 (trial court substantially complied with Crim.R. 11(C)(2)(a) where although the court orally advised the defendant that he *may* be subject to five years of post-release control, the written plea form gave appellant actual notice that post-release control was mandatory).

{¶ 10} Furthermore, the record does not contain any indication that appellant would not have entered his plea if he had been so informed. Counsel stated that he had reviewed the written plea forms with appellant, and appellant signed the forms, and indicated that after his review he did not have any questions for the court or for his counsel. Thus, appellant would be unable to demonstrate any prejudice.

7.

{¶ 11} Accordingly, we find counsel's first potential assignment of error to be without merit.

{¶ 12} In his second potential assignment of error, counsel offers that the automatic classification of appellant as a Tier II sex offender constitutes cruel and unusual punishment in violation of the United States and Ohio constitutions. However, counsel recognizes that the Ohio Supreme Court has recently addressed this issue, holding that "the registration and address-verification requirements for Tier II offenders under R.C. Chapter 2950 do not constitute cruel and unusual punishment in violation of either the Eighth Amendment to the United States Constitution or Article I, Section 9 of the Ohio Constitution." *State v. Blankenship*, 145 Ohio St.3d 221, 2015-Ohio-4624, 48 N.E.3d 516, ¶ 38.

{¶ 13} Accordingly, counsel's second proposed assignment of error is without merit.

### IV. Conclusion

{¶ 14} We have conducted an independent review of the record, as required by *Anders*, and find no issue of arguable merit for appeal. Therefore, counsel's motion to withdraw is hereby granted.

{¶ 15} For the foregoing reasons, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

8.

**{¶ 16}** The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                             JUDGE

Arlene Singer, J.          

                                  _____
Stephen A. Yarbrough, J.          JUDGE
CONCUR.

                                  _____
                                             JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.