The STATE of Ohio, Appellee,

v.

PITTS, Appellant.

[Cite as *State v. Pitts,* 159 Ohio App.3d 852, 2005-Ohio-1389.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–04–024.

Decided March 25, 2005.

Mark Mulligan, Ottawa County Prosecuting Attorney, and Lorrain R. Croy, Assistant Prosecuting Attorney, for appellee.

Julianne Claydon, for appellant.

PIETRYKOWSKI, Judge.

{¶ 1} This case is before the court on appeal from the April 28, 2004 judgment entry of the Ottawa County Court of Common Pleas that, following appellant's conviction for attempted assault of a peace officer and failure to comply with the order of a peace officer, sentenced defendant-appellant, Dennis Pitts, to a total of four years and eleven months of imprisonment. Appellant raises the following assignments of error:

{¶ 2} "I. The trial court failed to inform defendant-appellant as to the nature of the charges prior to defendant-appellant signing the waiver of indictment.

{¶ 3} "II. The trial court erred to the prejudice of appellant by not informing appellant as to the effect of his plea.

{¶ 4} "III. The trial court erred to the prejudice of appellant by not informing appellant at sentencing as to the mandatory requirement of post-release control.

{¶ 5} "IV. The trial court erred to the prejudice of appellant by not accurately informing appellant at sentencing as to the amount of additional imprisonment time for violations of post-release control.

{¶ 6} "V. The sentence of the trial court is unsupported by the record and contrary to law."

{¶ 7} The charges in this case stem from an incident on March 29, 2003, when appellant was caught pilfering aluminum cans at the Bell Mells Tavern in Port Clinton, Ottawa County, Ohio. Appellant was confronted by police, jumped into his vehicle, and accelerated at a high rate of speed toward a police officer. The officer had to take evasive actions in order to avoid being hit. Appellant then led police on a high-speed vehicle chase through three counties and lasting approximately three hours. The chase ended after appellant's vehicle crashed and he was taken into custody.

{¶ 8} In appellant's first assignment of error, he argues that the trial court erred by not advising him of the nature of the charges against him prior to his executing a waiver of the indictment and pleading guilty to a bill of information.

{¶ 9} Crim.R. 7(A) provides:

{¶ 10} "A felony that may be punished by death or life imprisonment shall be prosecuted by indictment. All other felonies shall be prosecuted by indictment, except that after a defendant has been advised by the court of the nature of the charge against the defendant and of the defendant's right to indictment, the defendant may waive that right in writing and in open court."

{¶ 11} Further, R.C. 2941.021 provides that a defendant may be prosecuted by information "after he has been advised by the court of the nature of the charge against him and of his rights under the constitution, is represented by counsel or has affirmatively waived counsel by waiver in writing and in open court, waives in writing and in open court prosecution by indictment."

{¶ 12} Disputing whether the above-quoted requirements were met, the parties cite *State v. Willis* (Dec. 30, 1999), 6th Dist. No. WD–99–015, 1999 WL 1262077. Upon review of *Willis*, we find it inapplicable to the instant case. In *Willis*, the defendant was convicted of burglary following a jury trial. Here, however, appellant pleaded guilty to the charges against him. Thus, "[h]is plea

of guilty to the offenses waived any claimed right to an indictment." *State ex rel. Beaucamp v. Lazaroff* (1997), 77 Ohio St.3d 237, 238, 673 N.E.2d 1273, citing *Stacy v. Van Coren* (1969), 18 Ohio St.2d 188, 189, 47 O.O.2d 397, 248 N.E.2d 603. Accordingly, appellant's first assignment of error is not well taken.

{¶ 13} Appellant's second assignment of error states that appellant was not informed of the effect of his plea. Specifically, appellant argues that he was not informed that a term of imprisonment imposed for attempted assault of a peace officer was statutorily required to be served consecutively with a prison term imposed for failure to comply with the signal of a police officer in violation of R.C. 2921.331(B). R.C. 2921.331(D).[1] Appellant further contends that at the time of his plea, he was not informed that if a term of imprisonment were imposed, he would be subject to postrelease control.

{¶ 14} Before accepting a guilty plea, Crim.R. 11 demands that the trial court inform a defendant of the constitutional rights he waives by entering the plea. *State v. Nero* (1990), 56 Ohio St.3d 106, 107, 564 N.E.2d 474. Crim.R. 11(C)(2), which governs guilty pleas, provides:

{¶ 15} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶ 16} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 17} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 18} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶ 19} The Supreme Court of Ohio, however, has required only substantial compliance with Crim.R. 11(C) with regard to nonconstitutional rights. *State*

---

1. R.C. 2921.331(D) provides: "If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender."

*v. Stewart* (1977), 51 Ohio St.2d 86, 93, 5 O.O.3d 52, 364 N.E.2d 1163. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero,* 56 Ohio St.3d at 108, 564 N.E.2d 474, citing *Stewart,* supra. The reviewing court should focus not on whether the trial court recited the words of Crim.R. 11(C), but rather on whether the record shows that "the trial court explained or referred to the right in a manner reasonably intelligible to that defendant." *State v. Ballard* (1981), 66 Ohio St.2d 473, 480, 20 O.O.3d 397, 423 N.E.2d 115.

{¶ 20} Regarding consecutive sentences, in *State v. Johnson* (1988), 40 Ohio St.3d 130, 532 N.E.2d 1295, the Supreme Court of Ohio held that "[f]ailure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary." Id. at syllabus.

{¶ 21} In reaching its holding, the *Johnson* court noted that the text of Crim.R. 11(C) refers to a "single and individual criminal charge." Id. at 133, 532 N.E.2d 1295. The court then concluded that Crim.R. 11(C)(2)(a)'s maximum-penalty language referred to a single crime, rather than the total of all sentences. Id. The court further stated that "the decision of whether the criminal defendant is to serve the sentences for all his crimes consecutively or concurrently is a matter of sentencing discretion, the exercise of which is committed to the trial court." Id. at 133–134, 532 N.E.2d 1295.

■ {¶ 22} In this case, unlike the trial court's discretion in *Johnson* as to whether to impose consecutive sentences, if appellant were to receive a prison sentence for each offense, R.C. 2921.331(D) mandates consecutive sentences. Thus, a consecutive sentence was part of the maximum penalty appellant faced, and the trial court erred by failing to so inform appellant at the plea hearing. However, we do note that the written guilty plea correctly states "that the court must impose said sentences consecutively."

■ {¶ 23} Next, appellant contends that the trial court failed to inform him that postrelease control would be mandatory if a term of imprisonment were imposed. During the plea hearing, the judge never informed appellant that he was subject to a mandatory three-year period of postrelease control under R.C. 2967.28(B)(3). The only reference to postrelease control is in the written plea form, which states:

{¶ 24} "After prison release, I may have up to 3 or 5 years of post-release control. After prison release, if post-release control is imposed, for violations of post-release control conditions, the adult parole authority or parole board may impose a more restrictive or longer control sanction, return Defendant to prison

for up to nine months for each violation, up to a maximum of 50% of the stated term."

{¶ 25} The facts of this case are similar to those in *State v. Lamb*, 156 Ohio App.3d 128, 2004-Ohio-474, 804 N.E.2d 1027. In *Lamb*, the trial court ascertained that the defendant understood the effect of his pleas but never notified him that he would be subject to a mandatory five-year period of postrelease control. Id. at ¶ 7–8. Further, as in this case, the only reference to postrelease control was in Lamb's written plea of guilty. The plea stated that Lamb " 'may have up to 3 years of post-release control.' " Id. at ¶ 7.

{¶ 26} As in *Lamb*, we note that R.C. 2929.14(F) clearly states that postrelease control is part of an offender's sentence. Based on this fact and the Eighth Appellate District cases captioned *State v. Perry*, 8th Dist. No. 82085, 2003-Ohio-6344, 2003 WL 22805880, and *State v. Jones* (May 24, 2001), 8th Dist. No. 77657, 2001 WL 605406, *Lamb* held that "in order to substantially comply with Crim.R. 11(C)(2)(a), a trial court must advise a defendant of any mandatory post-release control period at the time of the defendant's plea." Id. at ¶ 16. Accord *State v. Perdue*, 2d Dist. No. 20234, 2004-Ohio-6788, 2004 WL 2903878.

{¶ 27} Based on the foregoing, we find that substantial compliance with the mandates of Crim.R. 11(C)(2)(a) was not met in this case; thus, the trial court erroneously accepted appellant's guilty plea. Accordingly, we find that appellant's second assignment of error is well taken.

{¶ 28} Because we have determined that appellant's guilty plea was not knowing and voluntary, the sentencing issues raised in appellant's third, fourth, and fifth assignments of error are not ripe for review and are therefore moot.

{¶ 29} On consideration whereof, we find that appellant was prejudiced and prevented from having a fair proceeding. Accordingly, the judgment of the Ottawa County Court of Common Pleas is reversed. Appellant's plea and sentence are hereby vacated, and the matter is remanded to said court for further proceedings consistent with this decision. Pursuant to App.R. 24, court costs of this proceeding are assessed to appellee, the state of Ohio.

Judgment reversed.

Skow and Parish, JJ., concur.