DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal for the second time from sentencing of the Ottawa County Court of Common Pleas after appellant entered a guilty plea to a charge of attempted assault on a police officer, a felony of the fifth degree, and failure to comply, a felony of the third degree. We again reverse the judgment, vacate the plea and sentence, and remand the matter for further proceedings.
 {¶ 2} In his assignments of error, appellant asserts as follows:
 {¶ 3} "I. The trial court erred to the prejudice of the appellant, by not informing him as to the effect of his plea.
 {¶ 4} "II. The trial court erred in imposing prison terms of eleven months and four years upon defendant-appellant in that it did not comply with the requirements of Ohio Revised Code sections 2929.11 et seq."
 {¶ 5} In his first assignment of error, appellant contends that the notice provided by the trial court at the time he entered his guilty plea failed to satisfy all the requirements established by R.C. 2967.28(B)(3) and 2929.14(F). In particular, appellant asserts that the notification given at the plea hearing regarding post-release control gave appellant the false impression that it could be imposed at the discretion of the State Parole Authority, rather than being mandatory. In response, appellee argues that R.C. 2967.28(B)(3) does not apply because according to the facts of the case, appellant did not cause or threaten physical harm to any person during the commission of either his attempted assault offense (the F5), or his failure to comply offense (the F3).
 {¶ 6} In light of appellee's only argument on appellant's first assignment of error, we initially examine the language of R.C. 2967.28(B)(3) to ascertain whether it applies to the present case. R.C. 2967.28(B) provides for a mandatory period of post-release control for certain offenses, and R.C. 2967.28(C) provides for a period of post-release control at the parole board's discretion for other offenses. R.C. 2929.14(F); State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085 at ¶ 20. R.C.2967.28(B) provides:
 {¶ 7} "(B) Each sentence to a prison term * * * for a felonyof the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to causephysical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:
 {¶ 8} "* * *
 {¶ 9} "(3) For a felony of the third degree that is not a felony sex offense and in the commission of which the offendercaused or threatened physical harm to a person, three years." (Emphasis added.)
 {¶ 10} Further, R.C. 2929.14(F) provides:
 {¶ 11} "If a court imposes a prison term of a type described in division (B) of section 2967.28 of the Revised Code, itshall include in the sentence a requirement that the offender be subject to a period of post-release control after the offender's release from imprisonment, in accordance with that division. If a court imposes a prison term of a type described in division (C) of that section, it shall include in the sentence a requirement that the offender be subject to a period of post-release control after the offender's release from imprisonment, in accordance with that division, if the parole board determines that a period of post-release control is necessary." (Emphasis added.)
 {¶ 12} We do not agree with appellee's contention that the foregoing mandatory post-release control provisions do not apply to the present case because appellant did not cause or threaten physical harm to a person. First, our holding in a prior appeal in this case ("Pitts I"), implicitly finds that post-release control is mandatory in this case. State v. Pitts, 6th Dist. No. OT-04-024, 2005-Ohio-1389. Second, pursuant to our review of the facts in Pitts I, after appellant was confronted by police, he "jumped in his vehicle and accelerated at a high rate of speed toward a police officer" who "had to take evasive actions in order to avoid being hit." State v. Pitts, 159 Ohio App.3d 852,2005-Ohio-1389 at ¶ 7. "Appellant then led police on a high speed chase through three counties and lasting approximately three hours. The chase ended after appellant's vehicle crashed and he was taken into custody." Id.
 {¶ 13} Further, R.C. 2921.331, the statute under which appellant was charged and pled to the offense of failure to comply, provides:
 {¶ 14} "* * * (B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.
 {¶ 15} "(C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer.
 {¶ 16} "* * *
 {¶ 17} "(5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:
 {¶ 18} "(i) The operation of the motor vehicle by the offender was a proximate cause of serious physical harm to persons or property.
 {¶ 19} "(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."
 {¶ 20} Thus, by pleading guilty to this offense, appellant was admitting at least that his operation of the motor vehicle "caused a substantial risk of serious physical harm to persons or property." This compares closely with the language of R.C.2967.28(B)(3), "caused or threatened to cause physical harm to a person * * *." Thus, we conclude that R.C. 2967.28(B)(3) applies as does the language of notice of mandatory, rather than discretionary, post-release control contained in that division of the statute.
 {¶ 21} We now turn to whether the trial court's notice to appellant complied with R.C. 2967.28(B)(3) and 2929.14(F). Related to the requirements of these statutes is Crim.R. 11(C)(2) which governs guilty pleas. "`As part of the sentence, [post-release control] is a fortiori intertwined with the requirements of Crim.R. 11(C)(2)(a) * * *.'" State v. Gulley,
1st Dist. No. C-040675, 2005-Ohio-4592 at ¶ 14 quoting State v.Madaris, 156 Ohio App.3d 211, 2004-Ohio-653 at ¶ 17. Crim R. 11(C)(2)(a) requires a trial court to engage in a colloquy with a criminal defendant and to inform him or her of, among other things, the maximum penalty involved. State v. Lamb,156 Ohio App.3d 128, 2004-Ohio-474 at ¶ 13. "[A] trial court violates its duty under Crim.R. 11(C)(2)(a) when it fails to inform a defendant of a mandatory post-release-control period and instead informs him that `he could be subject' to a discretionary period." Gulley, at ¶ 15 citing State v. Perdue, 2nd Dist. No. 20234, 2004-Ohio-6788, at ¶ 7-8 and Lamb at ¶ 16.
 {¶ 22} The Supreme Court of Ohio, however, has required only substantial compliance with Crim.R. 11(C) with regard to nonconstitutional rights. State v. Stewart (1977),51 Ohio St.2d 86, 93. Since the warning regarding the maximum possible sentence is considered a nonconstitutional right (State v.Yanez, 150 Ohio App.3d 510, 2002-Ohio-7076 at ¶ 31 citing Statev. Ballard (1981), 66 Ohio St.2d 473, 475) "[b]efore accepting a guilty plea, a trial court must substantially comply with the requisites of Crim.R. 11(C)(2)(a)." Lamb at ¶ 14 citing State v.Nero (1990), 56 Ohio St.3d 106, 109 and State v. Stewart
(1977), 51 Ohio St.2d 86, 92-93. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106,108, citing Stewart. The reviewing court should focus not on whether the trial court recited the words of Crim.R. 11(C), but rather on whether the record shows that "the trial court explained or referred to the right in a manner reasonably intelligible to that defendant." State v. Ballard (1981),66 Ohio St.2d 473, 480.
 {¶ 23} In Lamb and Pitts I, we found that the warnings to the appellant did not substantially comply with the requirements of Crim.R. 11(C)(2)(a). In both cases, during the plea hearing, the trial court never orally informed the appellant that he was subject to post-release control. Lamb at ¶ 7; Pitts I at ¶ 23. Further, in Lamb, the only reference to post-release control in the written plea form was the statement that, "`[a]fter prison release, I may have up to 3 years of post-release control." (Emphasis added.) Lamb at ¶ 7. We concluded this was an affirmative misstatement by the trial court because, in fact, the appellant in Lamb was subject to a mandatory five-year post-release control period. We further held "* * * that in order to substantially comply with Crim.R. 11(C)(2)(a), a trial court must advise a defendant of any mandatory post-release control period at the time of the defendant's plea." Id. at ¶ 16.
 {¶ 24} In Pitts I, the only reference to post-release control in the written plea form was the statement that, "`[a]fter prison release, I may have up to 3 or 5 years of post-release control.'" (Emphasis added.) Id. at ¶ 23. CitingLamb, we held that substantial compliance with the mandates of Crim.R. 11(C)(2)(a) were not met. Id. at ¶ 26-27. We vacated appellant's first guilty plea and remanded for further proceedings in the trial court.
 {¶ 25} In a more recent case, State v. Bach, 6th Dist. No. L-04-1326, 2005-Ohio-4173, we distinguished Lamb and Pitt I,
and held that the trial court substantially complied with the notice requirement of Crim.R. 11(C)(2)(a). Id. at ¶ 14. InBach, the trial court did verbally misinform the appellant that he might be subject to three years of post-release control. However, the appellant was given a written plea form that accurately stated that he would have mandatory post-release control of three years. Id. at ¶ 6. Further, the appellant was given the written plea form during the plea hearing, was allowed to review the document with his attorney, and was questioned by the trial judge as to his understanding of that document. Thus, under the totality of the circumstances, we found substantial compliance. Id. at ¶ 14.
 {¶ 26} The facts of the present case falls somewhere betweenLamb and Pitts I, and Bach. In the present case, upon remand, in the trial court's second attempt to properly accept appellant's guilty plea the court improved on the plea hearing from Pitts I by this time at least addressing orally the issue of post-release control. At this plea hearing, the trial court stated the following:
 {¶ 27} "Once you are released from incarceration, the State Parole Authority has the option of placing you on Post Release Control * * *. If they do that, it would be for a period ofthree years. Do you understand that?"
 {¶ 28} The written plea form made the exact same discretionary "may have up to 3 or 5 years" statement we found not substantially compliant in Pitts I.
 {¶ 29} We find that the trial court properly informed appellant of the maximum three-year post-release control period. However, both the oral notice at the plea hearing and the written notice in the plea form state appellant's exposure to post-release control as discretionary in nature. It is not. It is mandatory. "The imposition of a non mandatory post-release control constitutes a different sentence than when a mandatory post-release control is imposed." State v. Holloway, 8th Dist. Nos. 86426, 86427, 2006-Ohio-2591 at ¶ 18.[1]
 {¶ 30} Based on these facts, we find that substantial compliance with the mandates of Crim.R. 11(C)(2)(a), R.C.2967.28(B)(3), and R.C. 2929.14(F) was not met in this case; thus, the trial court erroneously accepted appellant's guilty plea. Accordingly, we find appellant's first assignment of error well-taken.
 {¶ 31} Because we have determined that appellant's guilty plea was not knowing and voluntary, the sentencing issues raised in appellant's second assignment of error is not ripe for review and is therefore moot.
 {¶ 32} On consideration whereof, we find that appellant was prejudiced and prevented from having a fair proceeding. Accordingly, the judgment of the Ottawa County Court of Common Pleas is reversed. Appellant's plea and sentence are hereby vacated, and the matter is remanded to said court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in the preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Parish, J., Pietrykowski, J., concur.
[1] We note that in one case, State v. Gulley, 1st Dist. No. C-040675, 2005-Ohio-4592, the court found that the appellant was not prejudiced by the trial court's act of misinforming him that his mandatory post-release control period was discretionary. This finding was based on the appellant's extensive criminal history. In the present case, although appellant has a criminal history, it is not as extensive as the "career criminals" in Gulley in which the court concluded that the appellant would expect that the parole authority would impose the full period of post-release control. Gulley at ¶ 19. In contrast to Gulley, we find that appellant was mislead by the trial court's error.