JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Terrence Barnes, appeals his conviction and sentence. For the reasons that follow, we reverse and remand.
 {¶ 2} Appellant was indicted by a Cuyahoga Grand Jury on seven counts in two separate cases. After negotiations with the State, appellant entered a guilty plea to four of the charges, some of which the State amended from the original indictment. Specifically, in trial court case number CR-441912, court of appeals case number 86654, appellant pleaded guilty to one count of attempted rape, a felony of the second degree in violation of R.C. 2923.02 and 2907.02, and one count of abduction, a felony of the third degree in violation of R.C. 2905.02. In trial court case number CR-440305, court of appeals case number 86655, appellant pleaded guilty to one count of gross sexual imposition, a felony of the fourth degree in violation of R.C. 2907.05(A)(1), and one count of felonious assault, a felony of the second degree in violation of R.C. 2903.11. As part of the plea agreement, several repeat violent offender and notice of prior conviction specifications, as well as the remaining charges in the indictments, were dismissed; appellant also stipulated to being labeled an habitual sex offender.
 {¶ 3} Appellant was sentenced to the maximum 18 months on the gross sexual imposition, the maximum eight years on the felonious assault, and the maximum eight years on the attempted rape. Appellant was also sentenced to a more than minimum term of three years on the abduction charge. The sentences were ordered to run concurrently; appellant was thus sentenced to a total eight-year term. Appellant now appeals, asserting five assignments of error for our review.
 {¶ 4} In his first assignment of error, appellant contends that his plea was not knowingly, voluntarily and intelligently made because the trial court failed to inform him of the length of time that he would be subject to post-release control and the maximum penalty that could be imposed for a violation of post-release control.
 {¶ 5} Pursuant to Crim.R. 11(C)(2)(b), a trial court may not accept a guilty plea from a criminal defendant in a felony case without first addressing the defendant personally and informing him or her of the effect of the plea and determining that he or she understands the consequences of the guilty plea. Crim.R. 11(C)(2)(a) requires a trial court to inform a criminal defendant of the maximum penalty for the offense. Post-release control is part of the offender's sentence. R.C. 2929.14(F); State v.Lamb, 156 Ohio App.3d 128, 2004-Ohio-474, at ¶ 15,804 N.E.2d 1027. A trial court must, therefore, at the time of sentencing or at a plea hearing, provide information pertaining to post-release control to a criminal defendant. Woods v. Telb,89 Ohio St.3d 504, 2000-Ohio-171, 733 N.E.2d 1103, paragraph two of the syllabus.
 {¶ 6} The trial court, however, need only substantially comply with those requirements of Crim.R. 11 that do not involve the waiver of a constitutional right. State v. Ballard (1981),66 Ohio St.2d 473, 476, 423 N.E.2d 115. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his [or her] plea and the rights he [or she] is waiving." State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474. Crim.R. 11(C)(2)(a) does not involve the waiver of a constitutional right and, thus, substantial compliance with this portion of the rule is sufficient. State v. Pitts, 159 Ohio App.3d 852,2005-Ohio-1389, at ¶ 19, 825 N.E.2d 695; State v. Franks, 10th Dist. No. 04AP-362, 2005-Ohio-462, at ¶ 8.
 {¶ 7} With regard to post-release control, R.C. 2967.28(B) and (C) provide that felony offenders are subject to terms of post-release control depending upon the degree and type of felony committed. R.C. 2967.28(B)(1) provides that a five-year period of post-release control is mandatory for felony sex offenses.
 {¶ 8} The Supreme Court of Ohio has held that with respect to a plea hearing, a trial court's lack of notification regarding post-release control could in some instances form a basis to vacate a plea. State v. Jordan, 104 Ohio St.3d 21, 28,2004-Ohio-6085, 817 N.E.2d 864. This court has likewise held that without an adequate explanation of post-release control from the trial court, a defendant may not fully understand the consequences of his plea as required by Crim.R. 11(C). State v.Jones (May 24, 2001), Cuyahoga App. No. 77657.
 {¶ 9} Here, the trial court, prior to accepting appellant's plea, explained to him that he would be subject to post-release control and a violation thereof would result in his being subject to further prosecution. After the court accepted appellant's plea, the assistant prosecuting attorney expanded upon the post-release control requirement, noting that appellant would be under such control for a five-year period after his release from prison. The court reiterated that appellant "would be under a period of post-release control" (without referencing the term), and subject to further indictment for a violation of his post-release control. This advisement, however, took place after the plea; the plea was not reentered or reaffirmed.
 {¶ 10} With reluctance, we find that the court did not substantially comply with Crim.R. 11(C), in that the court failed to notify appellant of the mandatory five-year term prior to the plea. As such, appellant's plea was not knowingly, intelligently and voluntarily entered, and his first assignment of error is sustained.
 {¶ 11} Based on our resolution of appellant's first assignment of error, his remaining assignments of error are moot and we decline to address them. See App.R. 12(A)(1)(c).
Plea vacated; case remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellee the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Gallagher, J., Concur.