OPINION. *Page 2 
{¶ 1} Defendant-appellant Paul Fuller appeals from his conviction upon his guilty plea to aggravated trafficking in drugs. He contends, in a single assignment of error, that his guilty plea was not knowingly entered because the trial court violated Crim. 11(C)(2)(a) by failing to inform him of the maximum penalty he faced, when it advised him that his statutorily mandated post-release control was discretionary. Because the court substantially complied with Crim. 11(C)(2)(a), we affirm Fuller's conviction.
 {¶ 2} Fuller pleaded guilty to a single count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2). He signed a plea form that informed him that the offense was a first-degree felony, and that after his release from prison, he "may have 5 years [(]for F-1 or sex offense) or up to 3 years of post-release control." (Emphasis added.) The trial court, in its Crim.R. 11 colloquy with Fuller, also advised him that, after his release from prison, he "may have up to five years of post-release control." (Emphasis added.) The court accepted Fuller's plea, sentenced him to a mandatory prison term of ten years, and stated in the judgment of conviction that "[a]s part of the sentence * * *, the defendant is subject to the post release control supervision of R.C. 2967.28."
 {¶ 3} R.C. 2967.28(B)(1) requires a trial court to "include in [a] sentence" imposed for a first-degree felony "a requirement that the offender[, after his release from prison,] be subject to a [five-year] period of post-release control." Thus, a five-year period of post-release control was a mandatory part of Fuller's sentence.[1] *Page 3 
 {¶ 4} Crim.R. 11(C)(2)(a) requires a trial court, before it accepts a guilty plea, to "address the defendant personally" and to advise him of the "maximum penalty involved." When advising a defendant of the maximum penalty, the court need only "substantially comply" with the rule,[2] i.e., it need only ensure that "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."[3] Thus, the court below, before accepting Fuller's guilty plea, must have substantially complied with Crim.R. 11's command that Fuller understand the post-release-control consequences of his plea.[4]
 {¶ 5} On appeal, Fuller asserts that the statements in his plea form and in his Crim.R. 11 colloquy that he "may" be subject to a five-year period of post-release control suggested that post-release control was discretionary. He contends that his plea was not knowingly entered because the trial court, in failing to advise him that a five-year period of post-release control was mandatory, failed to comply with Crim.R. 11's command that he be advised of the maximum penalty involved.
 {¶ 6} We addressed this issue in 2005 in State v. Gulley.[5] There, as here, the plea form and the trial court in its Crim.R. 11 colloquy misinformed Gulley that his mandatory five-year period of post-release control was discretionary. We followed the Second Appellate District inState v. Perdue to hold that "[b]ecause post-release control is part of the maximum penalty involved, a trial court violates its duty under Crim.R. 11(C)(2)(a) when it fails to inform a defendant of a mandatory *Page 4 
post-release-control period and instead informs him that `he "could" be subject' to a discretionary period."[6]
 {¶ 7} Other appellate districts have followed suit.[7] Thus, in May of 2006, the Eighth Appellate District in State v. Holloway held that the trial court had not substantially complied with Crim.R. 11(C)(2)(a) because the court, by advising Holloway at his plea hearing that he "may be released into a five-year post-release control program," had failed to convey that his post-release control was mandatory.[8]
 {¶ 8} But in October of 2006, the Ohio Supreme Court in Watkins v.Collins addressed the habeas corpus petitions of prisoners whose sentencing entries had "erroneously refer[red] to discretionary instead of mandatory" post-release control and had been imprisoned for violating the terms of their post-release control.[9] The court denied the writs upon its conclusion that the petitioners had had an adequate remedy in the form of an appeal challenging the imposition of post-release control. In so concluding, the court declared that the entries satisfied "the preeminent purpose of R.C. 2967.28," because they were "sufficient to afford notice to a reasonable person that the courts were authorizing postrelease [sic] control as part of each petitioner's sentence" and that post-release control "could be imposed following the expiration of the person's sentence."[10] *Page 5 
 {¶ 9} Then, in December of 2006, "on the authority" of Watkins v.Collins, the supreme court reversed the Eighth Appellate District's decision in State v. Holloway.[11] The supreme court did not elaborate on its decision. But the supreme court's decision can only be read to renounce the rule, applied by the Eighth Appellate District in its decision, that a trial court violates its duty under Crim.R. 11(C)(2)(a) when it misinforms a defendant that a mandatory period of post-release control is discretionary.
 {¶ 10} Therefore, to the extent that we adopted the same rule inGulley, our decision there is overruled. And on the authority of the supreme court's decision in Holloway, we hold that the court below, in accepting Fuller's guilty plea, substantially complied with Crim. 11(C)(2)(a). Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
SUNDERMANN and WINKLER, JJ., concur.
[1] See State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864, at ¶ 20; Woods v. Telb, 89 Ohio St.3d 504, 511, 2000-Ohio-171,733 N.E.2d 1103.
[2] State v. Ballard (1981), 66 Ohio St.2d 473, 475, 423 N.E.2d 115, citing State v. Stewart (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163.
[3] State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474.
[4] See State v. Brown, 1st Dist. Nos. C-020162, C-020163, and C-020164, 2002-Ohio-5983, at ¶ 30.
[5] 1st Dist. No. C-040675, 2005-Ohio-4592.
[6] Id. at ¶ 15, quoting State v. Perdue, 2nd Dist. No. 20234,2004-Ohio-6788, appeal not allowed, 105 Ohio St.3d 1500, 2005-Ohio-1666,825 N.E.2d 623. Having adopted the rule, we nevertheless concluded that the misstatements had not prejudiced Gulley's understanding of the effect of his plea because his "extensive" criminal record had made it "unrealistic for Gulley to have expected the parole authority to impose less than the full period of post-release control." Id. at ¶ 19. We then went on to vacate Gulley's guilty plea on the grounds (not pertinent here) that the trial court had not substantially complied with Crim.R. 11(C)(2)(a) when it failed to personally inform him of the duration of his post-release control or of the duration of additional prison time for violating the conditions of his post-release control. Id. at ¶ 23 and 27.
[7] See, e.g., State v. Pitts, 159 Ohio App.3d 852, 2005-Ohio-1389,825 N.E.2d 695; State v. Hill, 4th Dist. Nos. 04CA9 and 04CA11,2005-Ohio-3491.
[8] 8th Dist. Nos. 86426 and 86427, 2006-Ohio-2591, at ¶ 15 and 18, citing State v. Crosswhite, 8th Dist. Nos. 86345 and 86346,2006-Ohio-1081.
[9] 111 Ohio St. 3d 425, 2006-Ohio-5082, 857 N.E.2d 78, at ¶ 51.
[10] Id. at ¶ 51-52.
[11] State v. Holloway, 111 Ohio St.3d 496, 2006-Ohio-6114,857 N.E.2d 141. *Page 1