[Cite as *State v. Rayle*, 2025-Ohio-1912.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

HAROLD H. RAYLE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 CO 0034

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 23 CR 707

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor, and *Atty. Danielle Menning*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Michael P. Dunham*, for Defendant-Appellant.

Dated: May 22, 2025

**HANNI, J.**

{¶1} Defendant-Appellant, Harold H. Rayle, appeals from a Columbiana County Common Pleas Court judgment sentencing him to consecutive 12-month sentences on 20 counts of pandering obscenity involving a minor or impaired person, following his guilty plea, for a total sentence of 20 years. Appellant argues he did not enter his guilty plea knowingly, voluntarily, and intelligently; his consecutive sentences are contrary to law; and his counsel was ineffective. The record reveals that Appellant entered his plea knowingly, voluntarily, and intelligently. Moreover, Appellant's consecutive sentences are not contrary to law and his counsel was not ineffective.

{¶2} A complaint was initially filed in the Columbiana County Municipal Court charging Appellant with numerous counts of pandering obscenity involving a minor or impaired person, fourth-degree felonies in violation of R.C. 2907.321(A)(5). The matter was transferred to the trial court where Appellant waived indictment and agreed to proceed by way of information.

{¶3} Because the case involved a guilty plea, the facts here are scant. The charges stem from the discovery of over 70 videos of child pornography found on Appellant's phone, which he had accumulated over a period of time. The most disturbing of the videos, according to the prosecutor, depicted a toddler with a pacifier in their mouth being raped with a sex toy.

{¶4} On April 5, 2024, Appellant entered a guilty plea to 20 counts of pandering obscenity involving a minor or impaired person, all fourth-degree felonies. As part of the plea agreement, Plaintiff-Appellee, the State of Ohio, would recommend a 20-year sentence while Appellant would argue for a lesser sentence including community control. The trial court held a plea hearing where it addressed Appellant and accepted his plea. The court then ordered a presentence investigation and set the matter for sentencing.

{¶5} At the June 10, 2024 sentencing hearing, the trial court sentenced Appellant to 12 months on each of the 20 counts to be served consecutively. It also classified Appellant as a Tier II sex offender.

{¶6} This Court granted Appellant's motion for a delayed appeal, which he filed on October 17, 2024. Appellant now raises three assignments of error.

**{¶7}** Appellant's first assignment of error states:

THE TRIAL COURT ERROR [sic] IN ACCEPTING MR. RAYLE'S PLEA IN VIOLATION OF HIS RIGHT TO DUE PROCESS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES AND THE STATE OF OHIO, IN VIOLATION OF CRIM.R. 11, OR NOT MADE [sic] KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY?

**{¶8}** Appellant argues he did not enter his plea knowingly, voluntarily, and intelligently. He claims we should vacate his plea because, before accepting his guilty plea, the trial court never informed him that it could order him to serve his sentences consecutively. He asserts that had he known the trial court could order him to serve his sentences consecutively, he likely would not have pleaded guilty.

**{¶9}** When determining the validity of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee*, 2005-Ohio-552, ¶ 8 (3d Dist.), citing *Brady v. United States*, 397 U.S. 742 (1970). Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing, intelligent, and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 2004-Ohio-6806, ¶ 11 (7th Dist.), citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).

**{¶10}** A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of five federal constitutional rights. *Martinez* at ¶ 12. These rights are the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to proof of guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c).

**{¶11}** A failure regarding the non-constitutional rights requires the defendant to make a showing of prejudice in order to invalidate the plea, unless the trial court completely failed to comply with the advisement. *State v. Dangler*, 2020-Ohio-2765, ¶ 14-16. To show prejudice, the defendant must demonstrate he would not have made the plea but for the court's failure. *Id.* at ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108

(1990). Prejudice must be demonstrated on the face of the record. *Dangler* at ¶ 24. The non-constitutional rights contained in Crim.R. 11(C)(2)(a)(b) involve informing the defendant of "the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence." *Martinez*, 2004-Ohio-6806, at ¶ 12 (7th Dist.).

{¶12} Appellant does not assert the trial court failed to advise him of the constitutional rights he was waiving by pleading guilty. And the record reflects that the trial court did indeed advise Appellant of the right to a jury trial, the right to have the State prove his guilt beyond a reasonable doubt, the right to confront witnesses against him, the right to compulsory process to subpoena witnesses, and the right to remain silent and not have it used against him. (Plea Tr. 17-18).

{¶13} And the only non-constitutional right Appellant asserts the trial court failed to properly advise him on is the maximum penalty he faced. Appellant claims the trial court was required to specifically tell him that it could order him to serve his sentences consecutively.

{¶14} Prior to the court addressing Appellant, in setting out the terms of the plea agreement, the prosecutor stated that the State would recommend a 20-year sentence at Appellant's sentencing hearing. (Plea Tr. 2-3). This recommendation was likewise set out in the felony plea agreement signed by Appellant. As to the penalties he faced, the trial court told Appellant at the plea hearing:

> All right, we are going to go over what the possible penalties are; okay? So you are pleading guilty to twenty counts, each being a felony of the fourth degree. Those carry with it a minimum - - each count - - a minimum six-month term of incarceration in a state correctional facility to a maximum eighteen-month term of incarceration in a state correctional facility and a fine of up to $5,000 dollars. Do you understand?

(Plea Tr. 13-14). Appellant stated that he understood the penalties. (Plea Tr. 14).

{¶15} These advisements complied with Crim.R. 11(C)(2)(a). The trial court was only required to inform Appellant of the maximum penalty he faced on each count. It was

not required to inform him of the possible maximum sentence if it were to impose consecutive sentences.

{¶16} The Sixth District examined this very issue at great length in *State v. Whitman*, 2021-Ohio-4510 (6th Dist.):

> Appellant's argument is not new. Indeed, the same argument was raised and rejected by the Ohio Supreme Court over three decades ago in *State v. Johnson*, 40 Ohio St.3d 130, 132, 532 N.E.2d 1295 (1988). There, the court examined whether trial courts must notify defendants who plead guilty to more than one offense of the potential for consecutive sentences in order to comply with a prior version of Crim.R. 11(C)(2)(a), which required trial courts to ensure defendants had an "understanding of the nature of the *charge* and of the maximum penalty involved." (Emphasis added.)

> Construing this version of the rule, the court held: "Failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary." *Id.* at syllabus. In reaching its conclusion, the court explained:

> Although there has been no violation of the appellee's constitutional rights here, we must determine whether there has been prejudicial error committed by the trial court regarding the mandates of Crim.R. 11(C). We begin our analysis by considering the text of the rule itself. A review of such rule, as set forth above, indicates that it requires the trial court to explain before it accepts "*the* plea," "*the* nature of the charge and of *the* maximum penalty involved." (Emphasis added.) Crim.R. 11(C)(2)(a). Upon its face the rule speaks in the singular. The term "the charge" indicates a single and individual criminal charge. So, too, does "the plea" refer to "a plea" which the court "shall not accept" until the dictates of the rule have been observed. Consequently, the term "the maximum penalty" which is required to be explained is also to be understood as referring to a single penalty. In

the context of "the plea" to "the charge," the reasonable interpretation of the text is that "the maximum penalty" is for the single crime for which "the plea" is offered. It would seem to be beyond a reasonable interpretation to suggest that the rule refers cumulatively to the total of all sentences received for all charges which a criminal defendant may answer in a single proceeding.

*Id.* at 133, 532 N.E.2d 1295.

Additionally, the court in *Johnson* referenced the discretion afforded to the trial court in deciding whether to order Johnson to serve the sentences for his crimes consecutively or concurrently. *Id.* at 133-134, 532 N.E.2d 1295. Noting that Crim.R. 11 applies "only to the entry and acceptance of the plea" and "has no relevance to the exercise of the trial court's sentencing discretion," the court found that "it can hardly be said that the rule imposes upon a trial judge a duty to explain what particular matters he may, at a later date, determine are significant to the exercise of his discretion." *Id.* at 134, 532 N.E.2d 1295.

A review of case law since *Johnson* was decided and Crim.R. 11(C)(2)(a) was amended reveals Ohio appellate courts have almost always held that a trial court need not warn a defendant of the potential for consecutive sentences prior to accepting a guilty plea to multiple offenses. The only time courts deviate from this rule is when the imposition of consecutive sentences is mandatory, such as cases involving a charge of failure to comply with the order of a peace officer, *State v. Pitts*, 159 Ohio App.3d 852, 2005-Ohio-1389, 825 N.E.2d 695, ¶ 22 (6th Dist.), repeat violent offender specifications, *State v. Bragwell*, 7th Dist. Mahoning No. 06-MA-140, 2008-Ohio-3406, 2008 WL 2633240, ¶ 57, and *State v. Whitaker*, 2013-Ohio-4434, 999 N.E.2d 278, ¶ 27, and sentences imposed for violation of postrelease control, *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766.

Of particular note among these "exception cases" is *Bishop*, which was decided three decades after *Johnson* was released. In *Bishop*, the Ohio Supreme Court addressed the following certified question: "Whether a criminal defendant on [postrelease control] for a prior felony must be advised, during his plea hearing in a new felony case, of the trial court's ability under R.C. 2929.141 to terminate his existing [postrelease control] and to impose a consecutive prison sentence for the [postrelease-control] violation." *Bishop* at ¶ 1.

The plurality in *Bishop* began its analysis by noting that Crim.R. 11(C)(2)(a) was amended since *Johnson* was decided. However, the court did not articulate whether, or to what extent, the amendment of the rule (from "charge" to "charges") impacted its longstanding holding in *Johnson*. Instead, the court distinguished *Johnson* based upon the fact that Bishop's felony sentence and the 12-month sentence attributable to his postrelease control violation were intertwined and were required to be served consecutively under R.C. 2929.141(A)(1). *Id.* at ¶ 17. Because a prison sentence imposed for a postrelease control violation must be served consecutively to prison sentences for new felony offenses that gave rise to the violation, the court found that the phrase "maximum penalty involved" in Crim.R. 11(C)(2)(a) includes the postrelease control violation sentence. *Id.* Consequently, the court found that defendants must be notified of the fact that the sentences are required to be imposed consecutively at the time of the plea hearing on the new felony offense in order to satisfy Crim.R. 11(C)(2)(a). *Id.* at ¶ 21.

Regarding the issue before us, namely whether Crim.R. 11(C)(2)(a) requires notification of the potential for consecutive sentencing, *Bishop* is noteworthy for two reasons. First, *Bishop* upholds the approach taken by many intermediate appellate courts in Ohio (including this court) regarding the differential treatment of cases based upon whether consecutive sentencing is discretionary or statutorily required.

Second, *Bishop* is the only decision released by the Ohio Supreme Court following the 1998 amendment to Crim.R. 11(C)(2)(a) in which the court refers to the amendment of the rule and its impact on the holding in *Johnson*. Unfortunately, the plurality in *Bishop* does little more than briefly mention this issue, stating only that "Crim.R. 11(C)(2)(a) has been amended since *Johnson* so that a single plea can now apply to multiple charges." *Id.* at ¶ 15.

More problematic than the *Bishop* plurality's lack of analysis as to the import of the 1998 amendment to Crim.R. 11 is the fact that Ohio intermediate courts of appeal generally fail to even mention the amendment when citing *Johnson* in those decisions that have been released since the amendment. Upon our extensive research, it appears that no court has engaged in any meaningful analysis of the effect of the amendment to Crim.R. 11(C)(2)(a) upon the holding in *Johnson*.

. . .

While the plurality in *Bishop* distinguished *Johnson*, it did not overrule *Johnson* when it had an opportunity to do so. *State v. Nave*, 8th Dist. Cuyahoga No. 107032, 2019-Ohio-1123, 2019 WL 1411123, ¶ 11. As an intermediate court, we are not free to overrule a decision of the Ohio Supreme Court. *State v. Thrasher*, 6th Dist. Wood No. WD-06-047, 2007-Ohio-2838, 2007 WL 1652572, ¶ 7. Instead, we are bound to follow the decision. *Id.*

Our continued application of the Ohio Supreme Court's holding in *Johnson* is consistent with the practice of other Ohio appellate courts that have distinguished *Johnson* and *Bishop*.

. . .

The decisions that have been released by courts of appeals after *Bishop* agree with the Eighth District's statement that "[u]nder Ohio law,

there is no requirement for the trial court to advise of the possibility that each individual sentence may be imposed consecutively, such that a plea can be considered as involuntary in the absence of such an advisement." *State v. Cobbledick*, 8th Dist. Cuyahoga No. 108959, 2020-Ohio-4744, 2020 WL 5846074, ¶ 6; see also *State v. Novoa*, 7th Dist. Mahoning No. 19 MA 0073, 2021-Ohio-3585, 2021 WL 4592424, ¶ 22 (limiting *Bishop* to cases involving defendants that plead guilty to new felonies while on postrelease control and recognizing that "many appellate jurisdictions, including this Court, have continued to follow *Johnson*"); *State v. Willard*, 2021-Ohio-2552, 175 N.E.3d 989 (11th Dist.) ("This court and others have recognized the court's distinction in Bishop and have continued to apply *Johnson*.").

In sum, the consensus among Ohio appellate districts on the issue at hand seems to be the following: "When a consecutive sentence is discretionary under R.C. 2929.14(C)(4), * * * the failure to inform a criminal defendant that a prison term may be run consecutive to another is not a violation of Crim.R. 11(C)(2)(a). The Ohio Supreme Court's decision in *Bishop* did not disturb this holding in *Johnson*." *Nave* at ¶ 12[.]

*Id.* at ¶ 19-31; (footnotes omitted).

**{¶17}** Based on the above, the trial court complied with Crim.R. 11(C)(2) when it advised Appellant of the minimum and maximum sentence he faced on each count. Thus, Appellant's plea was entered knowingly, voluntarily, and intelligently.

**{¶18}** Accordingly, Appellant's first assignment of error is without merit and is overruled.

**{¶19}** Appellant's second assignment of error states:

WAS MR. RAYLE'S CONSECUTIVE SENTENCE OF IMPRISONMENT CONTRARY TO LAW, NOT SUPPORTED BY THE RECORD, AN ABUSE OF DISCRETION, CRUEL AND UNUSUAL PUNISHMENT, OR AN EXCESSIVE FINE, WHEN THE OFFENSE CARRIED A PRESUMPTION OF PROBATION AND CONCURRENT SENTENCING?

**{¶20}** Here, Appellant contends his sentence is contrary to law, is not supported by the record, and resulted from an abuse of discretion. He makes numerous arguments under this assignment of error.

**{¶21}** When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 2016-Ohio-1002, ¶ 1.

**{¶22}** Appellant first asserts his sentence is contrary to law because he was entitled to a presumption of probation, which was not overcome. He asserts that pursuant to R.C. 2929.16 and R.C. 2929.13, the trial court was required to separately address each of the 20 counts he was convicted of and make a finding regarding whether probation was warranted. Because the trial court did not do this here, Appellant argues the presumption of probation was not overcome.

**{¶23}** But nothing in the statutes Appellant relies on requires the trial court to separately address each of the 20 counts he was convicted of and make a finding regarding whether probation was warranted as he asserts.

**{¶24}** R.C. 2929.16(A) provides in relevant part that "the court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any community residential sanction or combination of community residential sanctions under this section." There is no mention whatsoever of a presumption of community control sanctions or of any findings the sentencing court would be required to make.

**{¶25}** R.C. 2929.13 provides in relevant part:

> (B)(1)(a) *Except as provided in division (B)(1)(b) of this section*, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

(b) *The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree* that is not an offense of violence or that is a qualifying assault offense *if any of the following apply*:

. . .

(iv) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

(Emphasis added)

{¶26} Appellant was convicted of 20 separate sex offenses in violation of R.C. 2907.321(A)(5), all fourth-degree felonies. Thus, pursuant to R.C. 2929.13(B)(1)(b), it was within the trial court's discretion to sentence Appellant to a prison term for each of the 20 offenses. The statute does not require the court to make any particular findings first.

{¶27} Appellant next argues the presumption in favor of concurrent sentences was not overcome. He contends that the trial court only mentioned one of the videos where a child was actually harmed without making any determinations as to the other 19 videos. Thus, he claims only the sentence for this one count should be consecutive and the others should be concurrent.

{¶28} As to the issue of consecutive sentences, R.C. 2929.14(C)(4) requires a trial court to make specific findings:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶29} In this case, the trial court addressed these consecutive sentencing findings at the sentencing hearing and included them in the judgment entry. Appellant does not take issue with the statutory findings. Instead, he seems to take issue with court's reasons.

{¶30} The trial court found that Appellant did not take accountability for his actions. (Sentencing Tr. 11). It told Appellant that by watching the videos he was harming children. (Sentencing Tr. 11). It emphasized that there was a toddler being raped on one of the videos and stated its disbelief that Appellant could possess that type of video. (Sentencing Tr. 12). The court also pointed out that Appellant had 72 separate videos of this type. (Sentencing Tr. 12). And it emphasized that the children in these videos are

tortured with this for rest of their lives. (Sentencing Tr. 13). The court reiterated that there were toddlers in these videos who were robbed of their innocence. (Sentencing Tr. 13-14). And the court noted that this was Appellant's sixth criminal offense and his second criminal offense involving minors. (Sentencing Tr. 14).

**{¶31}** Based on the above, the trial court gave numerous reasons for imposing consecutive sentences despite Appellant's contention to the contrary.

**{¶32}** Appellant further contends his consecutive sentences constitute cruel and unusual punishment. However, Appellant simply relies on his argument above that the trial court relied on the one video where the victim was harmed and did not make findings as to the other videos.

**{¶33}** The Eighth Amendment to the United States Constitution as well as Section 9, Article I of the Ohio Constitution, prohibit cruel and unusual punishment.

**{¶34}** In examining a cruel and unusual punishment argument in regard to consecutive sentences resulting in a 134-year sentence, the Ohio Supreme Court observed:

> In *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, however, we held that "[a] sentence is the sanction or combination of sanctions imposed for each separate, individual offense." *Id.*, paragraph one of the syllabus. We stated, "Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time," and "[o]nly after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively." *Id.* at ¶ 8-9.

*State v. Hairston*, 2008-Ohio-2338, ¶ 16. The Court pointed out that several federal courts of appeals and other states' supreme courts have concluded that the Eighth Amendment proportionality review does not apply to cumulative sentences. *Id.* at ¶ 17. The Court then concluded:

> [T]hat for purposes of the Eighth Amendment and Section 9, Article I of the Ohio Constitution, proportionality review should focus on individual sentences rather than on the cumulative impact of multiple sentences

imposed consecutively. Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment.

*Id.* at ¶ 20. Thus, we may only review Appellant's individual sentences here.

**{¶35}** The range of prison terms for a fourth-degree felony is six to 18 months. R.C. 2929.14(A)(4). The trial court sentenced Appellant to 12 months on each individual count. So each sentence was clearly within the range of appropriate sentences. Thus, Appellant's sentence does not constitute cruel and unusual punishment.

**{¶36}** Next, Appellant contends the trial court abused its discretion in sentencing him to 12 months on each count.

**{¶37}** "An appellate court does not review a felony sentence under an abuse of discretion standard." *State v. Currence*, 2024-Ohio-1320, ¶ 19 (7th Dist.), citing *Marcum*, 2016-Ohio-1002, at ¶ 1. Thus, we will not consider whether the trial court abused its discretion in sentencing Appellant to 12 months on each count.

**{¶38}** Finally, Appellant claims his fines and costs should have been waived due to his indigency and lengthy prison sentence. He acknowledges that he did not raise this issue to the trial court but alleges that it was plain error.

**{¶39}** We should first mention that the trial court did not impose a fine on Appellant. It only ordered that he pay the court costs, which it stayed until Appellant is released from prison. And Appellant can still file a motion to waive his costs. *See* R.C. 2947.23(C). Furthermore, Appellant was not indigent at the time he was sentenced. Appellant did not file an affidavit of indigency with the trial court and he retained his own trial counsel. He first filed an affidavit of indigency when he filed his notice of appeal with this Court.

**{¶40}** Accordingly, Appellant's second assignment of error is without merit and is overruled.

**{¶41}** Appellant's third assignment of error states:

WAS TRIAL COUNSEL INEFFECTIVE IN VIOLATION OF MR. RAYLE'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE

Case No. 24 CO 0034

CONSTITUTION AND LAWS OF THE UNITED STATES AND STATE OF OHIO BY NOT ADDRESSING THE ISSUE OF CONSECUTIVE SENTENCING AT THE CHANGE OF PLEA HEARING, AND WHEN NOT ASKING FOR WAIVER OF FINES AND COURT COSTS AT SENTENCING?

**{¶42}** In his final assignment of error, Appellant argues his trial counsel was ineffective.

**{¶43}** To prove an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test. First, appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Second, the appellant must demonstrate that he was prejudiced by counsel's performance. *Id.* To show that he has been prejudiced by counsel's deficient performance, the appellant must prove that, but for counsel's errors, the result of the trial would have been different. *Bradley*, at paragraph three of the syllabus.

**{¶44}** Appellant bears the burden of proof on the issue of counsel's ineffectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 289 (1999). In Ohio, a licensed attorney is presumed competent. *Id.*

**{¶45}** First, Appellant claims his counsel was ineffective for failing to bring up the possibility of consecutive sentences at the change of plea hearing.

**{¶46}** As discussed previously, the trial court properly informed Appellant of the minimum and maximum penalty he faced on each count before it accepted his plea. And Appellant knowingly pleaded guilty to 20 counts. Moreover, Appellant was aware that the prosecutor would be recommending a 20-year sentence. The prosecutor stated at the plea hearing that the State would be seeking a 20-year sentence. (Plea Tr. 2). Appellant signed the plea form containing this advisement. And Appellant indicated at the plea hearing that he signed the form and reviewed it with his counsel. (Plea Tr. 9-10). Therefore, Appellant cannot demonstrate any prejudice here.

**{¶47}** Second, Appellant claims counsel was ineffective for failing to ask the court to waive his fines and costs.

Case No. 24 CO 0034

**{¶48}** Pursuant to R.C. 2947.23(A)(1)(a), in all criminal cases, the court shall include court costs in the sentence and render a judgment against the defendant for such costs. The court retains jurisdiction to waive, suspend, or modify the payment of the court costs at the time of sentencing *or at any time thereafter*. R.C. 2947.23(C).

**{¶49}** Thus, trial courts are required to impose court costs on criminal defendants. But the court retains continuing jurisdiction to waive those costs even after sentencing.

**{¶50}** In this case, the trial court ordered Appellant to pay court costs. But it stayed the collection of the court costs until Appellant is released from prison. Appellant's counsel did not file a motion to waive those costs.

**{¶51}** Appellant was not indigent at the trial court level. He retained counsel. Trial counsel was not court-appointed. Appellant first filed an affidavit of indigency in the Court with his notice of appeal.

**{¶52}** Moreover, even if Appellant was indigent during the trial court proceedings, counsel's failure to file for a waiver of court costs would not be prejudicial error so as to amount to ineffective assistance of counsel.

**{¶53}** In *State v. Davis*, 2020-Ohio-309, ¶ 1, the Ohio Supreme Court explained:

[A] court's finding of ineffective assistance of counsel depends on the facts and circumstances in each case. See *Strickland v. Washington*, 466 U.S. 668, 688-689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We hold that when an indigent defendant makes an ineffective-assistance-of-counsel claim based upon counsel's failure to request a waiver of court costs, a reviewing court must apply the test in *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989), which adopted the standard that had been announced in *Strickland*, for determining whether a defendant received ineffective assistance of counsel. If a court analyzes the prejudice prong, then it must consider the facts and circumstances of the case objectively to determine whether the defendant established the necessary prejudice sufficient to support that claim—i.e., but for counsel's deficient performance, there exists a reasonable probability that the result of the proceeding would have been different.

**{¶54}** In this case, because the trial court has not yet required Appellant to pay the court costs, he has not suffered any prejudice as is required to succeed on an ineffective assistance of counsel claim. And because R.C. 2947.23(C) permits the trial court to "waive, suspend, or modify the payment of the court costs" even after sentencing, Appellant can still file a motion to waive those costs. Thus, Appellant's ineffective assistance of counsel claim also fails on this basis.

**{¶55}** Accordingly, Appellant's third assignment of error is without merit and is overruled.

**{¶56}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Robb, P.J., concurs.

Case No. 24 CO 0034

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**