[Cite as *State v. Whitten*, 2019-Ohio-4199.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals Nos. L-18-1053
                                                                                      L-18-1062
　　　　　Appellee
                                                              Trial Court No. CR0201702919
v.

Johnathan Whitten                                **DECISION AND JUDGMENT**

　　　　　Appellant                        Decided:　October 11, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} In this consolidated appeal, appellant, Johnathan Whitten, appeals from the March 2, 2018 judgment of the Lucas County Court of Common Pleas convicting him of two counts of robbery, R.C. 2911.02(A)(1) and (B), with both counts including a firearm specification, R.C. 2941.141, following acceptance of his guilty plea entered pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (an "*Alford*" guilty plea).　For the reasons which follow, we reverse.

{¶ 2} Appellant asserts the following assignment of error on appeal:

I. THE DEFENDANT'S PLEA WAS NOT KNOWINGLY AND VOLUNTARILY MADE.

{¶ 3} Appellant was indicted in a multi-count indictment on November 3, 2017, alleging two counts of aggravated robbery, R.C. 2911.01(A)(1) and (C), with both counts including a firearm and a repeat violent offender specification. The indictment also alleged a third count of having a weapon while under a disability, R.C. 2923.13(A)(2). On February 15, 2018, appellant entered an *Alford* guilty plea to the lesser included offense of robbery, R.C. 2911.02(A)(1) and (B), for both Counts 1 and 2, with only one count also carrying a firearm specification (which required a mandatory one-year prison term). Count 3 was dismissed. The plea agreement indicated that appellant could be sentenced to a maximum prison term of 17 years, of which 3-17 years were mandatory. Appellant also stipulated that he had been found guilty of a first-degree felony in Lucas County Court of Common Pleas case No. CR0201701892. Appellant appealed.

{¶ 4} On appeal, appellant asserts in his single assignment of error that the trial court erred in accepting his plea, which was not knowingly and voluntarily entered. Appellant asserts the trial court failed to notify appellant he faced mandatory terms of imprisonment because he had previously pled guilty to a first-degree felony.

{¶ 5} At the Crim.R. 11 hearing, the trial court conducted a colloquy with appellant, who indicated he was able to understand the plea process, understood the rights he was waiving, was satisfied with the advice of his counsel, and had freely entered into

2.

the plea agreement. The plea agreement clearly set forth the fact that the prison terms in this case would be mandatory. However, when the court was explaining the maximum penalties appellant faced by entering the plea, the court stated "the maximum sentence could be up to nine years, one year of which was mandatory [for Count 1]" and "could be up to eight years" for Count 2. Furthermore, when explaining postrelease control, the trial court used the phrase, "[i]f you're sentenced to prison." In the sentencing judgment entry, appellant was sentenced to six-year terms of imprisonment on each offense, with an additional mandatory and consecutive prison term of one year for the firearm specification, for an aggregate sentence of a mandatory seven years of imprisonment.

{¶ 6} Crim.R. 11(C)(2)(a) requires that the court accept a guilty plea after "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." The maximum penalty includes whether there is a mandatory prison term. *State v. Sarkozy*, 117 Ohio St.3d 86, 881 N.E.2d 1224, 2008-Ohio-509, ¶ 22; *State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619, ¶ 31 (8th Dist.); *State v. Pitts*, 6th Dist. Ottawa No. OT-05-036, 2006-Ohio-3182, ¶ 21-22. Because this is a non-constitutional right, substantial compliance satisfies the Crim.R. 11(C)(2)(a) requirement. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. Substantial compliance exists where "under the totality of the circumstances the defendant

3.

subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 7} In this case, the trial court attempted to comply with Crim.R. 11 and gave appellant notice of the maximum sentence. However, the court misled appellant by indicating that only one year for the specification would be a mandatory term. While the plea agreement correctly set forth the maximum prison term and indicated that the terms would be mandatory, the trial court's statements confused the issue. Therefore, we cannot find the trial court substantially complied with Crim.R. 11(C)(2)(a). *Clark at* ¶ 39; *State v. Dailey*, 8th Dist. Cuyahoga No. 107554, 2019-Ohio-356, ¶ 15-17; *State v. Colvin*, 7th Dist. Mahoning No. 15 MA 0162, 2016-Ohio-5644, 70 N.E.3d 1012, ¶ 38. We find the trial court erred by accepting appellant's *Alford* plea because it could not have been knowingly made under the circumstances. Appellant's sole assignment of error is found well-taken.

{¶ 8} Having found the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Lucas County Court of Common Pleas convicting and sentencing appellant is vacated. This case is remanded to the trial court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed,
vacated and remanded.

4.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.